**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x

                             :

ADSTRA, LLC,

                             :

                 Plaintiff,

                             :         Civil Action No. 1:24-cv-02639-LJL

         - against -                :

                             :         <u>**NOTICE OF APPEAL**</u>

KINESSO, LLC and ACXIOM, LLC,

                             :

                Defendants.

                             :

-----------------------------------------------------------x

       **PLEASE TAKE NOTICE** that Plaintiff Adstra, LLC ("Adstra") in the above-named case hereby appeals to the United States Court of Appeals for the Second Circuit from the Opinion and Order of the Honorable Lewis J. Liman entered in this action on April 9, 2025, granting in part and denying in part Defendants' motion for attorneys' fees. (Dkt. No. 224, attached as **Exhibit A** hereto.)

Dated: May 9, 2025

                                             AGUILAR BENTLEY LLC

                                             <u>*/s/ Anne Burton-Walsh*       </u>
                                             Anna Aguilar
                                             Anne Burton-Walsh
                                             Ryan Weiner
                                             *Attorneys for Plaintiff Adstra, LLC*
                                             5 Penn Plaza, 19th Floor
                                             New York, NY 10001
                                             (212) 835-1521
                                             aaguilar@aguilarbentley.com
                                             aburtonwalsh@aguilarbentley.com
                                             rweiner@aguilarbentley.com

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _04/09/2025_
```

------------------------------------------------------------------X
                                               :

ADSTRA, LLC,                          :

               Plaintiff,        :

                                 :           24-cv-2639 (LJL)

         -v-                :

                                 :       MEMORANDUM AND

KINESSO, LLC, ACXIOM, LLC,        :           ORDER

                                 :

              Defendants.     :

------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Defendants Kinesso, LLC ("Kinesso") and Acxiom, LLC ("Acxiom" and, with Kinesso, "Defendants") move, pursuant to Federal Rule of Civil Procedure 54(d), for an award of attorneys' fees and costs. Dkt. No. 211. The motion is granted in part and denied in part.

## BACKGROUND

      For over a year, the Court has presided over what has been a hard-fought case between alleged commercial competitors. The case has involved a request for a temporary restraining order and then for a preliminary injunction, a motion to dismiss, extensive discovery disputes, and competing motions for summary judgment accompanied by motions in limine and *Daubert* motions to exclude expert testimony. Even before the Court issued its decision granting summary judgment to Defendants, there were over 200 entries filed on the docket.

      Adstra is a New Jersey limited liability company that has built an omnichannel identity resolution product ("OIRP"), Conexa, that identifies consumers, addresses, or households across multiple media by linking together separate datasets relating to individual customers. Dkt. No. 203 at 2. On March 3, 2020, it entered into a Master Data Supply Agreement (the "MDSA") with Kinesso, which is a developer of marketing tools and a subsidiary of The Interpublic Group

of Companies ("IPG"). *Id.* at 3. The MDSA contains general terms and conditions for the

licensing of data by Adstra to Kinesso. *Id.* On November 27, 2023, Kinesso assigned to its

affiliate Acxiom, which is also a subsidiary of IPG, all of its "rights, title and interests and duties,

liabilities and obligations" under the MDSA. Dkt. No. 103-5 § 1.

    A dispute arose between the parties after Acxiom emailed Adstra a notice of non-renewal

of the MDSA on November 28, 2023. Dkt. No. 103-7. On April 8, 2024, Adstra filed suit in this

Court against Kinesso and Acxiom. Dkt. No. 1. Adstra alleged that Kinesso had breached the

MDSA by assigning the MDSA to Acxiom without Adstra's consent and sharing data with

Acxiom in violation of the MDSA's confidentiality provision. *Id.* ¶¶ 117–124. It also alleged

that in the event the assignment to Acxiom was deemed valid, Acxiom had breached the MDSA

by using the Adstra data in a manner that exceeded the scope of the license provided in the

MDSA and its schedules. *Id.* ¶¶ 124–125. Adstra also brought claims against both Defendants

under the Defend Trade Secrets Act ("DTSA"), *id.* ¶¶ 84–97, for common law misappropriation,

*id.* ¶¶ 98–111, for unfair competition, *id.* ¶¶ 112–116, and for breach of the covenant of good

faith and fair dealing implied in the MDSA, *id.* ¶¶ 143–151. Adstra additionally alleged that

Acxiom tortiously interfered with the MDSA agreement Adstra had with Kinesso, *id.* ¶¶ 134–

142, that Acxiom breached a separate data processor agreement, *id.* ¶¶ 126–133, and that

Acxiom breached the covenant of good faith and fair dealing implied in that agreement, *id.* ¶¶

152–159. As a defense to all of these claims, Defendants argued that Kinesso was permitted to

share products developed using Adstra data with its affiliate Acxiom before the assignment of

the MDSA and that Kinesso was permitted to assign the MDSA to Acxiom without obtaining

Adstra's permission. Dkt. No. 129 at 11–26. Defendants thus contended that any access that

Acxiom had to Adstra data and any use it made of that data was authorized and could not support

a claim for breach of contract, breach of the implied covenant of good faith and fair dealing, or a violation of the DTSA or its New York common law counterparts. *Id.*

Ultimately, the parties filed competing motions for summary judgment. Dkt. Nos. 107, 128. On February 19, 2025, the Court issued its Opinion and Order granting summary judgment for Defendants and dismissing all of Adstra's claims. Dkt. No. 203; *Adstra, LLC v. Kinesso, LLC*, 2025 WL 552050 (S.D.N.Y. Feb. 19, 2025). Based on the unambiguous language of the MDSA, the Court ruled that Kinesso could assign the MDSA to Acxiom without obtaining Adstra's approval. Dkt. No. 203 at 23–34. That interpretation was also consistent with the limited parol evidence. *Id.* at 32–34. The Court also held that the access that Kinesso provided to Acxiom of the product that Kinesso developed with Adstra data was permitted by the terms of the MDSA. *Id.* at 35–37. Plaintiff did not identify any Adstra data provided by Kinesso to Acxiom prior to the November 2023 assignment of the MDSA. *Id.* at 38. The Court's "conclusion that Acxiom did not improperly use or possess the Adstra Data before the assignment, and that the assignment was valid[,] substantially resolve[d] all of Plaintiff's claims." *Id.* at 38.

The Clerk of Court entered judgment on February 27, 2025. Dkt. No. 205. Plaintiff filed a notice of appeal on March 4, 2025. Dkt. No. 210. Defendants filed this motion for attorneys' fees on March 11, 2025. Dkt. No. 211. Defendants also filed the declaration of their counsel, Hal S. Shaftel, and a memorandum of law in support of the motion. Dkt. Nos. 212–213. Adstra filed a memorandum of law in opposition to the motion for attorneys' fees on March 25, 2025. Dkt. No. 214. Defendants filed a reply memorandum of law and the supplemental declaration of Hal S. Shaftel on April 1, 2025. Dkt. Nos. 217–219.

## DISCUSSION

The Court has jurisdiction over an application for attorneys' fees filed during the pendency of an appeal.  *See* Fed. R. Civ. P. 54(d)(2); *Veltri v. Bldg. Serv. 32B-J Pension Fund*, 2004 WL 856329, at *1 (S.D.N.Y. Apr. 20, 2004) ("[A]lthough a Notice of Appeal normally divests the district court of jurisdiction, a district court retains jurisdiction to decide the issue of attorneys' fees and other collateral matters notwithstanding a pending appeal.").

As a threshold matter, Adstra argues that because it has filed a notice of appeal, a ruling on Defendants' fee motion would be premature and the Court should defer ruling on the motion or deny it without prejudice until all issues on appeal have been resolved.  Dkt. No. 214 at 1, 5–6.  However, the Court concludes that it should decide Defendants' attorneys' fees motion now.

The Court has discretion to decide the motion for attorneys' fees during the pendency of the appeal or to defer ruling or deny the motion without prejudice until the appeal is resolved. *See* Fed. R. Civ. P. 54(d)(2) advisory committee note to 1993 amendment ("[T]he court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved.").  A decision to defer ruling can serve the interests of judicial economy at the district court level, as the appellate court will necessarily be forced to address the merits of the Court's decision and its ruling "could potentially impact the Court's determination of the fee motion." *Mail Am. Commc'ns, Inc. v. World Healing Ctr. Church, Inc.*, 2021 WL 3159764, at *2 (S.D.N.Y. June 18, 2021) (quoting *Topps Co., Inc. v. Koko's Confectionary & Novelty*, 2020 WL 6082093, at *2 (S.D.N.Y. Oct. 15, 2020)).  On the other hand, however, the routine deferral of a decision on an attorney fee motion would disserve one of the main objectives of Rule 54(d)(2)(B).  That rule requires a motion for fees to be made no later than fourteen days after the entry of judgment in order "to minimize the need for piecemeal appeals."  *Weyant v. Okst*, 198

4

F.3d 311, 314 (2d Cir. 1999). "Prompt filing . . . enables the court in appropriate circumstances to make its ruling on a fee request in time for any appellate review of a dispute over fees to proceed at the same time as review on the merits of the case." *Id.* (quoting Fed. R. Civ. P. 54 advisory committee note to 1993 amendment). In addition, "[p]rompt filing affords an opportunity for the court to resolve the fee disputes shortly after trial, while the services performed are freshly in mind." Fed. R. Civ. P. 54 advisory committee note to 1993 amendment. Finally, "[d]eferring the Court's decision would prejudice Defendants by delaying relief" and "revisiting this issue in the future would invite the possibility of duplicative briefing." *DarkPulse, Inc. v. Crown Bridge Partners LLC*, 2023 WL 8458280, at *1 (S.D.N.Y. Nov. 7, 2023).

The balance of these factors favors the Court's prompt resolution of Defendants' attorney's fee motion now rather than deferral until after the Second Circuit has addressed Adstra's appeal. The Court has only recently decided the motion for summary judgment, and the proceedings that resulted in the resolution of that matter remain fresh in the Court's mind. Adstra has requested from the Second Circuit a deadline of June 17, 2025, to file its brief on appeal. Dkt. No. 217-6. Were the Court to wait until after briefing, argument, and decision of the appeal in the Second Circuit, the case would be a distant memory, making it more difficult for the Court to fairly determine the reasonableness of the fee request. In addition, Plaintiff has raised a number of objections to the fee request, apart from the question whether Defendants were entitled to prevail at summary judgment. By resolving those issues now, if the Court has erred, Plaintiff may raise those issues with the Second Circuit so that it can resolve the case in its entirety and not piecemeal. Finally, there is the matter of Adstra's financial condition. In its pleading before this Court, Adstra stated that "Acxiom's access to and use of [its data] will have

the effect of destroying or substantially impairing Adstra's business unless Acxiom is stopped immediately." Dkt. No. 1 ¶ 150.  The Court concluded that by virtue of the assignment, Acxiom had the right to Adstra's data.  If, in fact, Adstra is in any form of financial distress and wishes not to pay the fee award before an appeal is resolved, it may seek a stay but only by providing a bond or other security.  Dkt. No. 62(b).  A decision deferring a ruling on the request for fees or denying the motion without prejudice to renewal would effectively stay the requirement for Adstra to pay any fee award without requiring Adstra to provide security.  This would put Defendants at risk that by the time the motion is decided, Adstra will no longer be able to pay. The Court accordingly turns to the fee request.

"Under New York law, 'when a contract provides that in the event of litigation the losing party will pay the attorney' fees of the prevailing party, the court will order the losing party to pay whatever amounts have been expended by the prevailing party, so long as those amounts are not unreasonable.'"  *KLS Diversified Master Fund, L.P. v. McDevitt*, 532 F. Supp. 3d 126, 139–40 (S.D.N.Y. 2021) (quoting *Diamond D Enters. USA, Inc. v. Steinsvaag*, 979 F.2d 14, 19 (2d Cir. 1992) (citation omitted)), *aff'd*, 2022 WL 2759055 (2d Cir. July 13, 2022); *see Wells Fargo Bank N.W., N.A. v. Taca Int'l Airlines, S.A.*, 315 F. Supp. 2d 347, 353 (S.D.N.Y. 2003).  The intention that attorneys' fees be awarded to the prevailing party must be "unmistakably clear." *OVES Enter., SRL v. NOWwith Ventures, Inc.*, 2024 WL 4635399, at *6 (S.D.N.Y. Oct. 31, 2024) (citing *AT & T Corp. v. Publ'g Concepts L.P.*, 2010 WL 1191380, at *5 (S.D.N.Y. Mar. 29, 2010)); *see also NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 175 (2d Cir. 2008) ("Under New York law, a contract that provides for an award of reasonable attorneys' fees to the prevailing party in an action to enforce the contract is enforceable if the contractual

language is sufficiently clear."); *Zero Carbon Holdings, LLC v. Aspiration Partners, Inc.*, 2024

WL 3409278, at *2 (S.D.N.Y. July 15, 2024).

      Section 16 of the MDSA provides, in pertinent part:

> If any legal action is brought by a party to enforce this Agreement, the prevailing
> party will be entitled to receive its reasonable attorneys' fees, court costs, and other
> out-of-pocket collection expenses, in addition to any other relief it may receive.

Dkt. No. 102-4 § 16.  The MDSA thus is clear and unambiguous that the prevailing party is

entitled to a recovery of its "reasonable attorneys' fees, court costs, and other out-of-pocket

collection expenses."  *Id.*

      Having secured complete dismissal of Adstra's claims against them, Acxiom and Kinesso

are prevailing parties.  *See SING for Serv., LLC v. DOWC Admin. Servs., LLC*, 2023 WL

3294279, at *5 (S.D.N.Y. May 5, 2023) ("To be considered a prevailing party, one must simply

prevail on the central claims advanced, and receive substantial relief in consequence thereof."

(quoting *Sykes v. RFD Third Ave. I Assocs., LLC*, 833 N.Y.S.2d 76, 77–78 (1st Dep't 2007))).

      Adstra argues that because the Court determined that Kinesso is no longer a party to the

MDSA, Kinesso has no contractual "prevailing party" right to recover attorneys' fees.  Dkt. No.

214 at 1, 7–9.  It argues that either Acxiom or Kinesso would have been Adstra's counterparty at

the time of the lawsuit, but not both.  *Id.* at 7.[1]  However, the premise that enforcement of an

attorneys'-fee provision depends on the status of the contract at the time of the lawsuit is not

sound.  "It is a general principle of contract law that '[a]lthough termination and cancellation of

---

[1] In fact, it follows from the Court's decision that at the time of the lawsuit in April 2024, the
MDSA had already been validly terminated by Acxiom.  *See* Dkt. No. 203 at 39 ("Since the
assignment was valid, Acxiom had the right to terminate the MDSA, the notice of termination
issued by Acxiom was valid, and Adstra was not entitled to payments on the contract beyond
February 2024.").  Therefore, by Adstra's logic, it had no "counterparty" under the MDSA at the
time of the lawsuit.  This does not affect Acxiom's ability to recover attorneys' fees, because, as
stated below, the attorneys'-fees provision survives the termination of the contract.

an agreement extinguish future obligations of both parties to the agreement, neither termination nor cancellation affect those terms that relate to the settlement of disputes.'" *Vogel v. Boris*, 2024 WL 1884479, at *2 (S.D.N.Y. Apr. 30, 2024) (quoting 13 Corbin on Contracts § 67.2). Thus, the "widely-held view . . . is that an attorney fee provision applies to an action to determine the parties' rights and duties under the contract notwithstanding the contract's termination." *Maida v. Ret. & Health Servs. Corp.*, 1994 WL 514521, at *7 (6th Cir. 1994) (collecting cases). Similarly, "a broad arbitration clause in an agreement survives and remains enforceable for the resolution of disputes arising out of that agreement subsequent to the termination thereof." *Primex Int'l Corp. v. Wal-Mart Stores, Inc.*, 679 N.E.2d 624, 626 (N.Y. 1997) (citing *Nolde Bros. v. Loc. No. 358, Bakery & Confectionery Workers Union, AFL-CIO*, 430 U.S. 243, 251–53 (1977)).

The law could hardly be otherwise. It is elementary that on breach of contract, the nonbreaching party may terminate the contract and sue for damages. *See, e.g.*, *Hobish v. AXA Equitable Life Ins. Co.*, 2025 WL 83783, at *4 (N.Y. Jan. 14, 2025); *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Indeed, seeking damages for breach of contract "terminat[es] the contractual relation between the parties." *Lucente*, 310 F.3d at 258. But it is in this precise situation that an attorneys'-fees provision, or similarly an arbitration provision, becomes relevant. *See Maida*, 1994 WL 514521, at *8 ("The parties' wish that a prevailing party recover its attorney fees was not likely to evaporate if the dispute arose out of termination of the contract."). If an attorneys'-fees provision became unenforceable by virtue of a suit for breach of contract, the provision would lose virtually all meaning. Likewise, in an assignment, the assignor gives up rights to the obligor's future performance under the contract, allowing the assignee to gain the benefits of contract such person would not have in the absence of the

8

assignment. But as with termination, this does not mean that the attorneys' fee provision does not apply to a contractual dispute between the assignor and obligor. The contrary view would lead to an absurd conclusion. If, as in this case, the contractual dispute involves an allegedly improper assignment, the assignor would be able to prove that the assignment was lawful only at the expense of relieving the party alleging a breach of the obligation to reimburse the winning party its attorneys' fees.

Both Kinesso and Adstra are entitled to attorneys' fees here. Adstra sued Kinesso for breach of contract, alleging that Kinesso breached the MDSA by purportedly assigning it to Acxiom without Adstra's consent and sharing data with Acxiom in violation of the MDSA's confidentiality provision. Dkt. No. 1 ¶¶ 117–124. Kinesso prevailed based on the Court's determination that the assignment was effective and did not breach the MDSA. The lawsuit is the type of run-of-the-mill contractual dispute the attorneys'-fees provision was clearly intended to cover. The attorneys'-fees provision of the agreement does not carve out claims brought after termination or assignment of the agreement, but simply states that "[i]f any legal action is brought by a party to enforce this Agreement, the prevailing party will be entitled to receive its reasonable attorneys' fees." Dkt. No. 102-4 § 16. Kinesso is a prevailing party in a legal action to enforce the Agreement. The parties would not have intended that the happenstance of whether Adstra brought its suit at the time of the breach or at a later time after the assignment should determine whether the attorneys'-fees provision would apply. The fact that the assignment was actually valid heightens rather than dispels the need for protection from a meritless suit. *See Cambridge Cap. LLC v. Ruby Has LLC*, 675 F. Supp. 3d 363, 390 (S.D.N.Y. 2023) (rejecting contractual interpretation that is "commercially unreasonable . . . [and] contrary to the intent of the parties" (quoting *Cole v. Macklowe*, 953 N.Y.S.2d 21, 23 (1st Dep't 2012))).

Acxiom is also entitled to attorneys' fees.  When the contract was assigned to Acxiom, Acxiom acquired Kinesso's rights under the MDSA, including the right to attorneys' fees as a prevailing party and the reciprocal obligation to pay Adstra's attorneys' fees if Acxiom did not prevail.  *See U.S. Bank Nat'l Ass'n v. Dexia Real Est. Cap. Markets*, 2016 WL 4368377, at *4–6 (S.D.N.Y. Aug. 12, 2016).  Adstra has sued Kinesso to enforce the contract against it, and Adstra has also sued Acxiom to enforce the contract against it. Dkt. No. 1 ¶¶ 117–125.  If Adstra prevailed, it would be entitled to attorneys' fees from both Defendants; Defendants have prevailed against Adstra's attempts to enforce the contract, and thus they are both entitled to attorneys' fees from it.[2]

In any case, Adstra's argument would not affect the amount of the attorneys' fee award, but only whether Kinesso and Acxiom are entitled to recover the fee jointly and severally.  When a plaintiff is awarded attorneys' fees against multiple liable defendants, "[n]ormally, the total amount of an attorney's fee award is imposed jointly and severally upon all defendants found liable, at least in the absence of 'separate and distinct' fee components attributable to the litigating tactics of individual defendants."  *Cmty. Television Sys., Inc. v. Caruso*, 284 F.3d 430, 437 (2d Cir. 2002) (quoting *Koster v. Perales*, 903 F.2d 131, 139 (2d Cir. 1990)); *see Trs. of the*

---

[2] Although Adstra suggests there is "no authority that allows an assignee *and* an assignor to both take advantage of a prevailing party fee provision," Dkt. No. 214 at 8, in one of the cases it cites for this proposition, a counterparty was required to indemnify both assignor and assignee for attorney's fees, *see Starobin v. Randolph Computer Corp.*, 689 F. Supp. 323, 327–329 (S.D.N.Y. 1988).  Nor is it illogical or unfair for both Kinesso and Acxiom to take advantage of the provision.  Kinesso has rights and remedies under the contract because it was a party to the contract prior to November 2023, and Acxiom has rights and remedies under the contract because it was a party after that point.  Adstra sued each party with respect to its respective obligations under the contract, and if it prevailed it would have been entitled to attorneys' fees from each party.  It would be illogical and unfair for Kinesso to be forced to bear its own fees in a lawsuit against it under the MDSA, in which it bargained for such fees to be covered, simply because Adstra is also suing Acxiom for additional later breaches of the MDSA.

*Loc. 813 Pension Tr. Fund v. Canal Carting, Inc.*, 2014 WL 843244, at *18 (E.D.N.Y. Mar. 4, 2014). Analogously here, absent distinct work that was performed by counsel on behalf of Acxiom and not Kinesso, or vice versa, the entire award of fees should be imposed jointly and severally in favor of Defendants. Given the course of the litigation here, there are no "separate and distinct" fee components that would justify allocating fees to one Defendant and not the other. *Koster*, 903 F.2d at 139. Adstra and Kinesso were jointly represented and billed, and they submitted joint briefs throughout the litigation. The focus of the defense strategy for both Defendants was that the assignment was valid and therefore claims against both of them should be dismissed. If Adstra had sued only Acxiom or only Kinesso, counsel would have been required to do the exact same work to show that the assignment was valid and that Kinesso did not provide any trade secrets to Acxiom before the assignment. There is no cause for the Court to allocate certain fees to Acxiom and other fees to Kinesso, thereby reducing the award of fees to the other Defendant.

Adstra also argues that the Court should dramatically reduce the attorneys' fees claimed by Defendants because they are excessive and unreasonable. Dkt. No. 214 at 12–19. Defendants seek an award of $2,456,069, consisting of $2,117,524.47 for fees incurred to Greenberg Traurig and $338,545.36 for other expenses, including the retention of two experts. Dkt. No. 213 at 7–8, 10; *see* Dkt. No. 212. Adstra claims that the attorney fee award should be reduced by 30% to account for Defendants' failure to submit contemporaneous detailed billing records with their fee motion, Dkt. No. 214 at 12, that the hourly rate sought by Defendants is unreasonable and that a 36.3% reduction should be applied to the stated rates for all professionals, *id.* at 12–15, and that a further 20% reduction to the requested fees should be applied to account for the fact that only three of Adstra's ten claims were for enforcement of the MDSA, *id.* at 19.

Adstra's request that the attorney's fee request be reduced by 20% to account for the presence of the other claims in the case is without merit.  Although not all of Adstra's claims sounded directly in breach of the MDSA, the MDSA was at the core of all claims in this case. Thus, the work done by counsel would not have been substantially different if Adstra had brought claims only for breach of the MDSA.

In the similar context where the party seeking fees has prevailed on some but not all of its claims, the court looks to whether the claims "involve a common core of facts" or are "based on related legal theories."  *Wilson v. Nomura Sec. Int'l, Inc.*, 361 F.3d 86, 90 (2d Cir. 2004) (internal quotation marks omitted) (quoting *Hensley*, 461 U.S. at 435).  In that instance, "[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Id.* (internal quotation marks omitted) (quoting *Hensley*, 461 U.S. at 435).  By contrast, "the district court should exclude . . . hours dedicated to severable unsuccessful claims."  *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999).  Where claims are related to one another, the appropriate inquiry is to "the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation."  *Raja v. Burns*, 43 F.4th 80, 88 (2d Cir. 2022) (quoting *Hensley*, 461 U.S. at 435); *see Fleetwood Servs., LLC v. Ram Cap. Funding, LLC*, 2023 WL 112429, at *6 (S.D.N.Y. Jan. 5, 2023).

The work that would have been necessary to defend against the breach of the MDSA contract claim was tightly "interwoven," *PaySys Int'l, Inc. v. Atos Se*, 2019 WL 2051812, at *6 (S.D.N.Y. May 9, 2019), with the work necessary to defend against each of the other claims. Defendants' arguments against Plaintiff's claims to enforce the MDSA were that the conduct by Kinesso prior to assignment did not breach the confidentiality provisions of the MDSA and the

assignment did not violate the anti-assignment clause.  The same arguments were responsive to

Plaintiff's claim for breach of the implied covenant.  *See* Dkt. No. 203 at 40.  There was no

separate segregable work to be done on the claim that Defendants breached the other agreements

with Plaintiff—the DPA and DPEA.  Plaintiff did not offer evidence of a misuse of data under

the DPA or DPEA but rather "suggest[ed] these agreements were breached by Acxiom's use of

data it received under the MDSA." *Id.* at 45.  Defendants' defense to the DTSA and common

law misappropriation claims likewise turned on their defense to the claim of a breach of the

MDSA: "Acxiom did not acquire the Adstra Data by improper means; it acquired the data

through a permitted assignment from Kinesso." *Id.* at 47.  Because the use of information that is

permitted by contract and therefore is lawfully acquired and used cannot constitute improper

means, the Court concluded: "This fact alone is fatal to Adstra's trade secret claim." *Id.* at 47.

The same argument was made with respect to the claim for unfair competition, and the same

conclusion followed. *Id.* at 48.  And, as to the claim for tortious interference, the legal work on

that claim was necessarily intertwined with the legal work on the claim for breach of the MDSA

because the defense was the same—that the MDSA was not breached. *Id.* at 49.

Adstra's argument that Defendants' fee request is inadequate because it is not supported

by contemporaneous detailed time records is also without merit.  "Under New York law, a party

seeking a fee 'bears the burden of showing the reasonableness of the fee by providing definite

information regarding the way in which time was spent.'" *UMB Bank, Nat'l Ass'n v. Bluestone

Coke, LLC*, 2021 WL 3292519, at *5 (S.D.N.Y. Aug. 2, 2021) (quoting *Crowhurst v. Szczucki*,

2019 WL 6122645, at *4 (S.D.N.Y. Nov. 19, 2019)).  A fee request need only be supported by "a

'proper and sufficient affidavit of services.'"  *Crowhurst*, 2019 WL 6122645, at *4 (quoting

*Bankers Fed. Sav. Bank FSB v. Off W. Broadway Devs.*, 638 N.Y.S.2d 72, 74 (1st Dep't 1996))

(internal quotations and citations omitted). Thus, in cases in federal court "in which the right to attorneys' fees is governed by state law, New York's more liberal rule allowing reconstructed records appl[ies]." *Marion S. Mishkin L. Off. v. Lopalo*, 767 F.3d 144, 147–48 (2d Cir. 2014); *see also Riordan v. Nationwide Mut. Fire Ins. Co.*, 977 F.2d 47, 53 (2d Cir. 1992) (holding that the "contemporaneous records" requirement did not apply to fee requests under New York General Business Law § 349 because where "[s]tate law creates the substantive right to attorney's fees, [the] right . . . cannot be deprived by applying the contemporaneous time records rule adopted in this Circuit" and "New York courts have specifically rejected the 'hard and fast rule that reconstructed time records can never serve as a basis for compensation' in favor of wider trial court discretion in evaluating fee petitions" (quoting *In re Karp* 537 N.Y.S.2d 510, 515 (1st Dep't 1989))) (internal citations omitted); *UMB Bank,* 2021 WL 3292519, at *5 n.4 (collecting cases).

Adstra argues that the billing rates of Defendants' counsel "greatly exceed what is typically found to be reasonable in this Court and should be reduced accordingly." Dkt. No. 214 at 12. "A variety of factors informs the court's determination of whether a requested amount of attorneys' fees is reasonable or unreasonable, including 'the difficulty of the questions involved; the skill required to handle the problem; the time and labor required; the lawyer's experience, ability and reputation; the customary fee charged by the Bar for similar services; and the amount involved.'" *F.H. Krear & Co. v. Nineteen Named Trs.*, 810 F.2d 1250, 1263 (2d Cir. 1987) (quoting *In re Schaich*, 391 N.Y.S.2d 135, 136 (2d Dep't 1977), *appeal denied,* 366 N.E.2d 293 (1977)). The analysis of a reasonable fee in a contractual fee-shifting case differs from a statutory fee-shifting case, because in a contract case a paying client will generally negotiate and even pay a fee to counsel at market rates, with only the hope of later recovering this fee through

fee-shifting.  *See Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984) ("[T]he fee usually is discussed with the client, may be negotiated, and it is the client who pays whether he wins or loses.").  Because "[t]he reasonable hourly rate is the rate a paying client would be willing to pay," the fact that a paying client was willing to pay and in fact paid a certain amount to litigate a case is strong evidence that the fee was reasonable.  *Lilly v. City of New York*, 934 F.3d 222, 232–233 (2d Cir. 2019) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008)); *see Weiwei Gao v. Sidhu*, 2013 WL 2896995, at *5 (S.D.N.Y. June 13, 2013) (stating that the existence of an actual fee agreement "is an important factor in determining the reasonableness of the fees").

However, the Court must still scrutinize such fees.  "[W]hile plaintiff may enter into any fee arrangement it wishes with counsel, it should not be permitted to manipulate the actual damage incurred by burdening the defendant with an exorbitant fee arrangement."  *F.H. Krear*, 810 F.2d at 1263 (quoting *Equitable Lumber Corp. v. IPA Land Dev. Corp.*, 344 N.E.2d 391, 397 (N.Y. 1976)); *see OVES Enter.*, 2024 WL 4635399, at *6.  The contractual obligation to indemnify a counterparty for attorneys' fees does not extend to fees which are unreasonable or "grossly disproportionate to the arrangement the plaintiff would have been expected to make with counsel in the absence of a fee-shifting agreement."  *F.H. Krear*, 810 F.2d at 1263.  In addition, an attorneys'-fees clause "does not permit plaintiff to demand from defendant greater expenses than plaintiff has itself incurred."  *Parker Hannifin Corp. v. N. Sound Props.*, 2013 WL 3527761, at *3 (S.D.N.Y. July 12, 2013) (internal citations omitted).

The rates for Greenberg Traurig's legal services were negotiated at arms' length between sophisticated parties where Defendants faced a real risk that they would have to bear the costs without any fee-shifting.  *See In re Glob. Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 465–66

(S.D.N.Y. 2004) (holding that fees were reasonable when negotiated by "sophisticated Lead

Plaintiffs . . . at arm's length before this litigation commenced").  Greenberg Traurig's services

were provided at a 22% discount from standard rates, which was provided due to Greenberg

Taurig's long relationship with the clients' parent entity.  Dkt. No. 218 ¶ 3.  The rates charged by

Greenberg Taurig were not simply hypothetical but were actually billed to the client and paid.

Dkt. No. 212 ¶ 7.  And they were in fact below Greenberg Taurig's customary billing rates to

other clients, supporting their reasonableness.  *Id.* ¶ 4.  Defendants' legal fees were primarily

billed by one partner, three associates, and one paralegal at Greenberg Taurig.  Dkt. No. 212 ¶ 4;

Dkt. No. 218.  The associates had approximate billed rates of $554, $569, and $883,[3] while the

partner had an approximate billed rate of $1,421.  Dkt. No. 218.  The combined average billing

rate for Greenberg Taurig's lawyers on this matter was $843 per hour.  Dkt. No. 212 ¶ 4.

These rates are not unreasonable given the factual and legal complexity of this matter, the

experience of the lawyers, and the amount involved.  "Courts in this District have recognized

that an 'attorney's customary billing rate for fee-paying clients is ordinarily the best evidence of

the market rate.'"  *Graziano v. First Unum Life Ins. Co.*, 2024 WL 1175143, at *2 (S.D.N.Y.

Mar. 19, 2024) (quoting *In re Stock Exchs. Options Trading Antitrust Litig.*, 2006 WL 3498590,

at *9 (S.D.N.Y. Dec. 4, 2006)).  Although the rates are not low, "[i]n this district, partner billing

rates in excess of $1,000 are 'not uncommon in the context of complex commercial litigation.'"

*OVES Enter.*, 2024 WL 4635399, at *6 (quoting *Themis Cap. V. Democratic Republic of Congo*,

2014 WL 4379100, at *7 (S.D.N.Y. Sept. 4, 2014)); *see ATX Debt Fund 1, LLC v. Paul*, 2024

WL 2093387, at *5 (S.D.N.Y. May 9, 2024) (approving similar rates); *Vista Outdoor Inc. v.*

---

[3] The associate with a billing rate of $883 had thirteen years of practice experience and has since
been promoted to of counsel.  Dkt. No. 212 ¶ 4.

*Reeves Fam. Tr.*, 2018 WL 3104631, at *6 (S.D.N.Y. May 24, 2018) (describing similar rates as "not excessive in the New York City 'big firm' market").  Plaintiff vigorously litigated ten causes of action through a TRO, preliminary injunction, motion to dismiss, multiple discovery disputes, and eventually a motion for summary judgment.  Plaintiff's high litigation costs are thus a function of its litigation strategy rather than unreasonable billing.  *See ATX Debt Fund*, 2024 WL 2093387, at *5 (noting that a party could not complain that fees were unreasonable after it "drove up the cost and complexity of litigation").

Defendants are not entitled to recover expert fees under the contract.  The MDSA states that "the prevailing party will be entitled to receive its reasonable attorneys' fees, court costs, and other out-of-pocket collection expenses."  Dkt. No. 102-4 § 16.  Under New York law, this provision must be read narrowly.  *See OVES Enter.*, 2024 WL 4635399, at *6; *Spodek v. Neiss*, 926 N.Y.S.2d 904, 904 (2d Dep't 2011).  None of the three categories mentioned in the provision is naturally read to encompass expert fees.  "[T]he term 'attorneys' fees,' standing alone, is generally not understood as encompassing expert fees."  *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 303 (2006).  The term "court costs" is naturally read to refer to routine service and filing fees such as those enumerated in Federal Rule of Civil Procedure 54 and S.D.N.Y. Local Rule 54.1.  *See* Fed. R. Civ. P. 54(d); S.D.N.Y. Local Rule 54.1(c); *Austrian Airlines Oesterreichische Luftverkehrs AG v. UT Fin. Corp.*, 2008 WL 4833025, at *8 (S.D.N.Y. Nov. 3, 2008) ("Local Civil Rule 54.1, Fed.R.Civ.P. 54(d) and 28 U.S.C. § 1920 provide a framework for determining the proper award of statutory court costs."); *Dist. Council No. 9, Int'l Union of Allied Painters & Allied Trades, AFL-CIO v. Impact Storefront Designs*, 2023 WL 3818408, at *3 (S.D.N.Y. June 5, 2023) ("Court costs for service fees are routinely permitted.").  "[C]ollection expenses" naturally refers to expenses incurred in collecting a sum of money, for

17

example on a loan or invoice.  *See Byline Bank v. SDS Dining Corp.*, 2024 WL 1422812, at *3

(S.D.N.Y. Apr. 3, 2024); *EOI Elecs., Inc. v. Xebec*, 785 F.2d 391, 397 (2d Cir. 1986); *Bonnie &

Co. Fashions v. Bankers Tr. Co.*, 970 F. Supp. 333, 337–341 (S.D.N.Y. 1997).  Defendants were

not attempting to collect any money in retaining the experts here.

     Defendants contend that "expert fees are necessary and customary components to

litigation" and there is "no commonsense reason" to "carve [them] out" of Defendants' recovery.

Dkt. No. 219 at 9.  However, it was up to the parties when they negotiated the contract to

determine what costs would be shifted in the event of litigation between them, and Defendants

have offered no reason for the Court to depart from the language the parties chose.  In case law

regarding statutory fees, courts have had no trouble "carv[ing] out" expert fees from related

"components of litigation" such as attorneys' fees and costs.  Dkt. No. 219 at 9; *see Arlington

Cent.*, 548 U.S. at 297–303 ("[N]o statute will be construed as authorizing the taxation of witness

fees as costs unless the statute refers explicitly to witness fees."); *Gortat v. Capala Bros.*, 795

F.3d 292, 296 (2d Cir. 2015).  Similarly here, the Court cannot simply assume that the parties

intended to include expert fees under the heading of some term which on its face does not to

include them.  Cases awarding expert fees generally either refer to expert fees explicitly or

include a catchall for "all" or "other" costs of litigation.  *See Themis Cap.*, 2014 WL 4379100, at

*1 ("all out-of-pocket expenses"); *Austrian Airlines Oesterreichische Luftverkehrs AG v. UT

Fin. Corp.*, 567 F. Supp. 2d 579, 601 (S.D.N.Y. 2008) ("reasonable attorneys' fees and other

costs incurred"), *aff'd sub nom. Austrian Airlines Oesterreichishe Luftverkehrs AG v. UT Fin.

Corp.*, 336 F. App'x 39 (2d Cir. 2009); *JTRE Manhattan Ave. LLC v. Cap. One, N.A.*, 2024 WL

4880075, at *1 (S.D.N.Y. Nov. 25, 2024) ("attorneys' fees, court costs, and expert witness

fees").  The language here regarding "other out-of-pocket collection expenses," Dkt. No. 102-4

§ 16, is not comparably clear and in fact seems to cut against coverage of an expert witness in any situation that does not involve collection of a debt due on the contract. The Court will not award Defendants their requested $238,517.22 in expert fees.

The Court also will not award Defendants their requested "fees on fees." "[A] general contract provision for the shifting of attorneys' fees does not authorize an award of fees for time spent in seeking the fees themselves." *F.H. Krear*, 810 F.2d at 1266. Absent "specific language to indicate that time spent in justifying a fee application was to be included," a contractual fee-shifting provision will be deemed to exclude attorneys' fees for litigating the fee dispute. *Id.* at 1267*; see PaySys Int'l*, 2019 WL 2051812, at *6; *546-552 W. 146th St. LLC v. Arfa*, 950 N.Y.S.2d 24, 27 (1st Dep't 2012) (holding that language indemnifying parties against "all claims and demands to the maximum extent permitted" was not sufficient to support award of fees on fees); *IG Second Generation Partners, L.P. v. Kaygreen Realty Co.*, 980 N.Y.S.2d 479, 481 (2d Dep't 2014) (holding that as "[t]he relevant provision of the lease . . . does not contain clear language expressly providing for an award of fees on fees . . . a right to recover those fees should not be implied"). The general language here allowing parties to recover "reasonable attorneys' fees, court costs, and other out-of-pocket collection expenses," Dkt. No. 102-4 § 16, here unambiguously entitles Defendants to recovery of their attorneys' fees. There is no additional language justifying fees on fees. *See KLS Diversified Master Fund, L.P. v. McDevitt*, 532 F. Supp. 3d 126, 141 (S.D.N.Y. 2021), *aff'd*, 2022 WL 2759055 (2d Cir. July 13, 2022); *Novick v. AXA Network, LLC*, 714 F. App'x 22, 26 (2d Cir. 2017) (summary order).[4]

---

[4] Some cases have suggested that fees on fees are properly awarded whenever there is language in a contractual provision allowing for attorneys' fees for "enforcement" of the agreement, because the attorneys'-fee provision is part of the agreement. *See Billybey Marina Servs., LLC v. Bouchard Transp. Co.*, 2021 WL 4950835, at *5 (S.D.N.Y. Oct. 25, 2021); *Sidley Holding Corp. v. Ruderman*, 2009 WL 6047187, at *23 (S.D.N.Y. Dec. 30, 2009) ("[L]anguage obligating one

The Court has reviewed Defendants' billing records and identified entries related to the motion for fees on February 19, 20, 21, 24, 25, and 26, 2025. Dkt. No. 218-1 at 62. The Court finds that Defendants billed approximately $22,500 for work on the motion for fees and will deduct that amount from Defendants' recovery.[5]

## CONCLUSION

The motion for attorneys' fees is GRANTED IN PART and DENIED IN PART. The motion is denied with respect to expert fees and fees on fees, and otherwise granted.

Defendants are awarded $2,095,024.47 in attorneys' fees and $100,028.14 in other costs and expenses for a total of $2,195,052.61. The attorneys' fees award is equal to the total attorneys' fees sought of $2,117,524.47, minus $22,500 in fees on fees. The expenses award is equal to the total expenses sought of $338,545.36, minus $238,517.22 in expert fees.

The Clerk of Court is respectfully directed to close Dkt. No. 211.

SO ORDERED.

Dated: April 9, 2025
New York, New York

_____
LEWIS J. LIMAN
United States District Judge

---

party to reimburse the other for 'enforcement' of a contract has been interpreted as sufficiently clear to include the reimbursement of fees incurred in the preparation of a fee request."), *report and recommendation adopted*, 2010 WL 963416 (S.D.N.Y. Mar. 15, 2010). However, New York decisions emphasize that the agreement must "explicitly" or "unmistakably" provide for such fees. *See Novick*, 714 F. App'x at 26 (quoting *Jones v. Voskresenskaya*, 5 N.Y.S.3d 16, 18 (1st Dep't 2015) and then quoting *IG Second Generation*, 980 N.Y.S.2d at 481). Language stating that attorneys' fees can be recovered for enforcing the contract is commonplace and may be necessary to recover any expenses at all. Such language does not speak with the level of specificity necessary to conclude that the parties had considered the issue and decided to move away from the default rule against fees on fees. Similarly, the general language here regarding "out-of-pocket collection expenses" does not "explicitly" or "unmistakably" speak to the issue of fees on fees. *Id.*

[5] Certain of Defendants' entries block billed the motion for fees with other entries for which Defendants could properly recover. Because block billing "is generally disfavored," the Court assumes that these entries consisted largely or entirely of work on the fee application. *Raja*, 43 F.4th at 87.

CLOSED,APPEAL,ECF,MEDTFR4

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:24−cv−02639−LJL

Adstra, LLC v. Kinesso, LLC et al
Assigned to: Judge Lewis J. Liman
Cause: 18:1836(a) Injunction against Misappropriation of Trade Secrets

Date Filed: 04/08/2024
Date Terminated: 02/27/2025
Jury Demand: Plaintiff
Nature of Suit: 880 Defend Trade Secrets Act (of 2016)
Jurisdiction: Federal Question

**Plaintiff**

| | | |
|---|---|---|
| **Adstra, LLC** | represented by | **Anne Burton Walsh**<br>Aguilar Bentley LLC<br>5 Penn Plaza, 19th Floor<br>New York, NY 10001<br>212−835−1521<br>Email: aburtonwalsh@aguilarbentley.com<br>*ATTORNEY TO BE NOTICED* |
| | | **Ryan Weiner**<br>Aguilar Bentley LLC<br>5 Penn Plaza, 19th Fl.<br>New York, NY 10001<br>(212) 835−1521<br>Email: rweiner@aguilarbentley.com<br>*ATTORNEY TO BE NOTICED* |
| | | **Anna Conlon Aguilar**<br>Aguilar Bentley LLC<br>5 Penn Plaza, 19th Floor<br>New York, NY 10001<br>212−835−1521<br>Fax: 646−924−0599<br>Email: aaguilar@aguilarbentley.com<br>*ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| | | |
|---|---|---|
| **Kinesso, LLC** | represented by | **Harold S. Shaftel**<br>Greenberg Traurig, LLP<br>Greenberg Traurig, LLP<br>One Vanderbilt Avenue<br>New York, NY 10017<br>212−801−2164<br>Fax: 212−801−6400<br>Email: shaftelh@gtlaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Daniel Friedman**<br>Greenberg Traurig, LLP (NYC)<br>200 Park Avenue<br>New York, NY 10166<br>(212)−801−6788<br>Email: friedmand@gtlaw.com<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

Acxiom, LLC        represented by    **Harold S. Shaftel**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel Friedman**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/08/2024 | 1 | COMPLAINT against Acxiom, LLC, Kinesso, LLC. (Filing Fee $ 405.00, Receipt Number ANYSDC–29189306)Document filed by Adstra, LLC. (Attachments: # 1 Exhibit Master Data Supply Agreement, # 2 Exhibit Data Processor Agreement).(Aguilar, Anna) (Entered: 04/08/2024) |
| 04/08/2024 | 2 | **FILING ERROR – DEFICIENT PLEADING – SUMMONS REQUEST PDF ERROR –** REQUEST FOR ISSUANCE OF SUMMONS as to Kinesso, LLC, re: 1 Complaint. Document filed by Adstra, LLC..(Aguilar, Anna) Modified on 4/9/2024 (pc). (Entered: 04/08/2024) |
| 04/08/2024 | 3 | REQUEST FOR ISSUANCE OF SUMMONS as to Acxiom, LLC, re: 1 Complaint. Document filed by Adstra, LLC..(Aguilar, Anna) (Entered: 04/08/2024) |
| 04/08/2024 | 4 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Other Affiliate ALC, LLC, Other Affiliate ALC Ventures, Other Affiliate ALC Digital, LLC, Other Affiliate ALC Business Services LLC, Other Affiliate Remarketable, LLC, Other Affiliate Datacentrix, LLC, Other Affiliate ALC Southwest, LLC for Adstra, LLC. Document filed by Adstra, LLC..(Aguilar, Anna) (Entered: 04/08/2024) |
| 04/08/2024 | 5 | **FILING ERROR – PDF ERROR –** CIVIL COVER SHEET filed..(Aguilar, Anna) Modified on 4/9/2024 (jgo). (Entered: 04/08/2024) |
| 04/09/2024 | 6 | PROPOSED ORDER TO SHOW CAUSE WITH EMERGENCY RELIEF. Document filed by Adstra, LLC. (Attachments: # 1 Affidavit Declaration of Adstra, LLC Chief Data Officer Andrew Johnson, # 2 Supplement Memorandum of Law of Adstra, LLC, # 3 Affidavit Declaration of Anna Aguilar, # 4 Exhibit April 7, 2022 Email from Todd Thomas re Adopting Agreement, # 5 Exhibit April 28, 2022 Email from Todd Thomas Regarding MDSA Drafts, # 6 Exhibit February 9, 2023 Email from Todd Thomas, # 7 Exhibit November 27, 2023 Letter re Termination, # 8 Exhibit November 27, 2023 Assignment Agreement) Related Document Number: [ECF No. 1]..(Burton Walsh, Anne) **Proposed Order to Show Cause to be reviewed by Clerk's Office staff.** (Entered: 04/09/2024) |
| 04/09/2024 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above–entitled action is assigned to Judge Lewis J. Liman. Please download and review the Individual Practices of the assigned District Judge, located at https://nysd.uscourts.gov/judges/district–judges. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at https://nysd.uscourts.gov/rules/ecf–related–instructions..(pc) (Entered: 04/09/2024) |
| 04/09/2024 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT CIVIL COVER SHEET. Notice to attorney Anna Conlon Aguilar to RE–FILE Document No. 5 Civil Cover Sheet. The filing is deficient for the following reason(s): the PDF attached to the docket entry for the civil cover sheet is not correct; multiple Nature of Suit codes was selected;. Re–file the document using the event type Civil Cover Sheet found under the event list Other Documents and attach the correct PDF. Use civil cover sheet issued by S.D.N.Y. dated October 1, 2020. The S.D.N.Y. Civil Cover Sheet dated October 1, 2020 is located at http://nysd.uscourts.gov/file/forms/civil–cover–sheet.. (jgo)** (Entered: 04/09/2024) |
| 04/09/2024 | | Magistrate Judge Stewart D. Aaron is designated to handle matters that may be referred in this case. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following |

| | | |
|---|---|---|
| | | link: https://nysd.uscourts.gov/sites/default/files/2018–06/AO–3.pdf. (pc) (Entered: 04/09/2024) |
| 04/09/2024 | | Case Designated ECF. (pc) (Entered: 04/09/2024) |
| 04/09/2024 | | **\*\*\*NOTICE TO ATTORNEY REGARDING CIVIL. CASE OPENING STATISTICAL ERROR CORRECTION: Notice to attorney Anna Conlon Aguilar. The following case opening statistical information was erroneously selected/entered: County code New York;. The following correction(s) have been made to your case entry: the County code has been modified to XX Out of State;. (pc)** (Entered: 04/09/2024) |
| 04/09/2024 | | **\*\*\*NOTICE TO ATTORNEY REGARDING PARTY MODIFICATION. Notice to attorney Anna Conlon Aguilar. The party information for the following party/parties has been modified: Acxiom, LLC, Kinesso, LLC, Adstra, LLC. The information for the party/parties has been modified for the following reason/reasons: party role was entered incorrectly;. (pc)** (Entered: 04/09/2024) |
| 04/09/2024 | 7 | NOTICE OF APPEARANCE by Anne Burton Walsh on behalf of Adstra, LLC..(Burton Walsh, Anne) (Entered: 04/09/2024) |
| 04/09/2024 | 8 | CIVIL COVER SHEET filed..(Burton Walsh, Anne) (Entered: 04/09/2024) |
| 04/09/2024 | | **\*\*\*NOTICE TO COURT REGARDING PROPOSED ORDER TO SHOW CAUSE WITH EMERGENCY RELIEF. Document No. 6 Proposed Order to Show Cause With Emergency Relief, was reviewed and approved as to form. (tp)** (Entered: 04/09/2024) |
| 04/09/2024 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney Anna Conlon Aguilar to RE–FILE Document No. 2 Request for Issuance of Summons. The filing is deficient for the following reason(s): the PDF attached to the docket entry for the issuance of summons is not correct; Caption title is incorrect;. Re–file the document using the event type Request for Issuance of Summons found under the event list Service of Process – select the correct filer/filers – and attach the correct summons form PDF. (pc)** (Entered: 04/09/2024) |
| 04/09/2024 | 9 | ELECTRONIC SUMMONS ISSUED as to Acxiom, LLC..(pc) (Entered: 04/09/2024) |
| 04/09/2024 | 10 | REQUEST FOR ISSUANCE OF SUMMONS as to Kinesso, LLC, re: 1 Complaint. Document filed by Adstra, LLC..(Burton Walsh, Anne) (Entered: 04/09/2024) |
| 04/09/2024 | 11 | ORDER: The Court will hold a telephonic hearing on Plaintiff's proposed order to show cause, Dkt. No. 6, at 12:00 P.M. on April 11, 2024. The parties are directed to dial into the Court's teleconference number at 888–251–2909, use Access Code 2123101, and follow the necessary prompts. Prior to the hearing, Plaintiff shall effect service of process and shall serve Defendants with the proposed order to show cause and this Order. SO ORDERED. (Signed by Judge Lewis J. Liman on 4/9/2024) ( Telephone Conference set for 4/11/2024 at 12:00 PM before Judge Lewis J. Liman.) (ks) (Entered: 04/09/2024) |
| 04/10/2024 | 12 | ELECTRONIC SUMMONS ISSUED as to Kinesso, LLC..(jgo) (Entered: 04/10/2024) |
| 04/11/2024 | 13 | AFFIDAVIT OF SERVICE of Summons, Verified Complaint and Exhibits, Revised Cover Sheet, Rule 7.1 Statement, Proposed Order to Show Cause, Declaration of Anna Aguilar and Exhibits, Declaration of Andrew Johnson, Memorandum in Support of OTSC, Court Order Setting Hearing served on Acxiom, LLC on April 11, 2024. Service was accepted by NY Secretary of State. Document filed by Adstra, LLC..(Burton Walsh, Anne) (Entered: 04/11/2024) |
| 04/11/2024 | 14 | AFFIDAVIT OF SERVICE of Summons, Summons, Verified Complaint and Exhibits, Revised Cover Sheet, Rule 7.1 Statement, Proposed Order to Show Cause, Declaration of Anna Aguilar and Exhibits, Declaration of Andrew Johnson, Memorandum in Support of OTSC, Court Order Setting HearingVerified Complaint and Exhibits, Revised Cover Sheet, Rule 7.1 Statement, Proposed Order to Show Cause, Declaration of Anna Aguilar and Exhibits, Declaration of Andrew Johnson, Memorandum in Support of OTSC, Court Order Setting Hearing served on Kinesso, LLC on April 11, 2024. Service was accepted by NY Secretary of State. Document filed by Adstra, |

| | | LLC..(Burton Walsh, Anne) (Entered: 04/11/2024) |
|---|---|---|
| 04/11/2024 | 15 | AFFIDAVIT OF SERVICE of Summons, Verified Complaint and Exhibits, Revised Cover Sheet, Rule 7.1 Statement, Proposed Order to Show Cause, Declaration of Anna Aguilar and Exhibits, Declaration of Andrew Johnson, Memorandum in Support of OTSC, Court Order Setting Hearing served on Acxiom, LLC on April 10, 2024. Document filed by Adstra, LLC..(Burton Walsh, Anne) (Entered: 04/11/2024) |
| 04/11/2024 | 16 | AFFIDAVIT OF SERVICE of Summons, Verified Complaint and Exhibits, Revised Cover Sheet, Rule 7.1 Statement, Proposed Order to Show Cause, Declaration of Anna Aguilar and Exhibits, Declaration of Andrew Johnson, Memorandum in Support of OTSC, Court Order Setting Hearing served on Kinesso, LLC on April 10, 2024. Document filed by Adstra, LLC..(Burton Walsh, Anne) (Entered: 04/11/2024) |
| 04/11/2024 | 17 | NOTICE OF APPEARANCE by Harold S. Shaftel on behalf of Acxiom, LLC, Kinesso, LLC..(Shaftel, Harold) (Entered: 04/11/2024) |
| 04/11/2024 | 18 | LETTER addressed to Judge Lewis J. Liman from Hal S.Shaftel dated April 11, 2024 re: Information in Advance of Today's Conference regarding completeness of prior efilings. Document filed by Acxiom, LLC, Kinesso, LLC..(Shaftel, Harold) (Entered: 04/11/2024) |
| 04/11/2024 | 19 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent The Interpublic Group of Companies, Inc. for Kinesso, LLC. Document filed by Acxiom, LLC, Kinesso, LLC..(Shaftel, Harold) (Entered: 04/11/2024) |
| 04/11/2024 | 20 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent The Interpublic Group of Companies, Inc. for Acxiom, LLC. Document filed by Acxiom, LLC, Kinesso, LLC..(Shaftel, Harold) (Entered: 04/11/2024) |
| 04/11/2024 | 21 | NOTICE OF APPEARANCE by Daniel Friedman on behalf of Acxiom, LLC, Kinesso, LLC..(Friedman, Daniel) (Entered: 04/11/2024) |
| 04/11/2024 | | ORDER: The telephonic hearing on Plaintiff's proposed order to show cause scheduled for today, April 11, 2024 is MOVED to 3:00PM. Parties are reminded to dial into the Court's teleconference line at 888−251−2909 and use access code 2123101. (HEREBY ORDERED by Judge Lewis J. Liman) (Text Only Order) (mf) (Entered: 04/11/2024) |
| 04/11/2024 | | Set/Reset Hearings: Telephone Conference set for 4/11/2024 at 03:00 PM before Judge Lewis J. Liman. (mf) (Entered: 04/11/2024) |
| 04/11/2024 | | Minute Entry for proceedings held before Judge Lewis J. Liman: Telephone Conference held on 4/11/2024 in re: Plaintiff's Proposed Order to Show Cause. Anne Walsh and Anna Aguilar present by telephone for Plaintiff. Harold Shaftel present by telephone for Defendants. Court reporter present by telephone. Parties are to meet and confer to see if they can come to a standstill by April 22, 2024. Responsive papers are due by April 26, 2024. TRO Hearing set for May 1, 2024 at 5:00PM by Telephone Conference before Judge Lewis J. Liman. The Court holds the TRO sub judice. (mf) (Entered: 04/16/2024) |
| 04/11/2024 | | Set/Reset Hearings: Telephonic TRO Hearing set for 5/1/2024 at 05:00 PM before Judge Lewis J. Liman. (mf) (Entered: 04/16/2024) |
| 04/22/2024 | 22 | LETTER addressed to Judge Lewis J. Liman from Anna Aguilar dated 4/22/24 re: Update on Standstill. Document filed by Adstra, LLC..(Aguilar, Anna) (Entered: 04/22/2024) |
| 04/23/2024 | 23 | LETTER addressed to Judge Lewis J. Liman from Hal S. Shaftel dated April 23, 2024 re: Letter dated 4/22/24 [Doc 22]. Document filed by Acxiom, LLC, Kinesso, LLC..(Shaftel, Harold) (Entered: 04/23/2024) |
| 04/23/2024 | 24 | MEMO ENDORSEMENT on re: 22 Letter filed by Adstra, LLC. ENDORSEMENT: At the May 1, 2024 hearing, the Court will hear oral argument on the application for a temporary restraining order, pending a hearing on Plaintiff's application for a preliminary injunction. No witnesses are required. SO ORDERED. (Signed by Judge Lewis J. Liman on 4/23/2024) (vfr) (Entered: 04/23/2024) |

| | | |
|---|---|---|
| 04/26/2024 | 25 | DECLARATION of Todd Thomas in Opposition re: 6 Proposed Order to Show Cause With Emergency Relief,,. Document filed by Acxiom, LLC, Kinesso, LLC. (Attachments: # 1 Exhibit A – MDSA, # 2 Exhibit B – February 15, 2022 Email, # 3 Exhibit C – Assignment Agreement, # 4 Exhibit D – November 28, 2023 Email, # 5 Exhibit E – Non–Renewal Letter, # 6 Exhibit F – December 14, 2023 Email, # 7 Exhibit G – February 21, 2024 Email, # 8 Exhibit H – March 4, 2024 Email, # 9 Exhibit I – Data Processor Agreement).(Shaftel, Harold) (Entered: 04/26/2024) |
| 04/26/2024 | 26 | MEMORANDUM OF LAW in Opposition re: 6 Proposed Order to Show Cause With Emergency Relief,, . Document filed by Acxiom, LLC, Kinesso, LLC..(Shaftel, Harold) (Entered: 04/26/2024) |
| 04/30/2024 | 27 | DECLARATION of Anna Aguilar in Support re: 6 Proposed Order to Show Cause With Emergency Relief,,. Document filed by Adstra, LLC. (Attachments: # 1 Exhibit 4/11/24 Hearing Transcript, # 2 Exhibit 2/28/24 Email from Jason Bier to Victor Richardson, # 3 Exhibit Draft Adopting Agreement).(Burton Walsh, Anne) (Entered: 04/30/2024) |
| 04/30/2024 | 28 | DECLARATION of Andrew Johnson in Support re: 6 Proposed Order to Show Cause With Emergency Relief,,. Document filed by Adstra, LLC. (Attachments: # 1 Exhibit 11/28/23 Email exchange between A. Johnson and T. Thomas, # 2 Exhibit Evaluation Agreement).(Burton Walsh, Anne) (Entered: 04/30/2024) |
| 04/30/2024 | 29 | REPLY MEMORANDUM OF LAW in Support re: 6 Proposed Order to Show Cause With Emergency Relief,, . Document filed by Adstra, LLC..(Burton Walsh, Anne) (Entered: 04/30/2024) |
| 05/01/2024 | | Minute Entry for proceedings held before Judge Lewis J. Liman: Telephone TRO Hearing held on 5/1/2024. Anne Walsh, Anna Aguilar, and Jason Bier present for Plaintiff. Harold Shaftel, Daniel Friedman, and Victor Richardson (General Counsel Acxiom) present. Court reporter present. Defendant's motion to dismiss is due by May 15, 2024. A Telephonic Initial Pretrial Conference is scheduled for May 23, 2024 at 4:00PM before Judge Lewis J. Liman. (mf) (Entered: 05/13/2024) |
| 05/01/2024 | | Set/Reset Hearings: Initial Conference set for 5/23/2024 at 04:00 PM before Judge Lewis J. Liman. (mf) (Entered: 05/13/2024) |
| 05/02/2024 | 30 | TRANSCRIPT of Proceedings re: HEARING held on 4/11 before Judge Lewis J. Liman. Court Reporter/Transcriber: Steven Greenblum, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/23/2024. Redacted Transcript Deadline set for 6/3/2024. Release of Transcript Restriction set for 7/31/2024..(McGuirk, Kelly) (Entered: 05/02/2024) |
| 05/02/2024 | 31 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a HEARING proceeding held on 4/11/2024 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(McGuirk, Kelly) (Entered: 05/02/2024) |
| 05/15/2024 | 32 | MOTION to Dismiss *The Complaint*. Document filed by Acxiom, LLC, Kinesso, LLC..(Shaftel, Harold) (Entered: 05/15/2024) |
| 05/15/2024 | 33 | MEMORANDUM OF LAW in Support re: 32 MOTION to Dismiss *The Complaint*. . Document filed by Acxiom, LLC, Kinesso, LLC..(Shaftel, Harold) (Entered: 05/15/2024) |
| 05/16/2024 | 34 | PROPOSED CASE MANAGEMENT PLAN. Document filed by Adstra, LLC..(Burton Walsh, Anne) (Entered: 05/16/2024) |
| 05/17/2024 | 35 | TRANSCRIPT of Proceedings re: ORAL ARGUMENT held on 5/1/2024 before Judge Lewis J. Liman. Court Reporter/Transcriber: Khristine Sellin, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/7/2024. |

| | | Redacted Transcript Deadline set for 6/17/2024. Release of Transcript Restriction set for 8/15/2024..(McGuirk, Kelly) (Entered: 05/17/2024) |
|---|---|---|
| 05/17/2024 | 36 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a ORAL ARGUMENT proceeding held on 5/1/2024 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(McGuirk, Kelly) (Entered: 05/17/2024) |
| 05/23/2024 | | Minute Entry for proceedings held before Judge Lewis J. Liman: Initial Pretrial Conference held on 5/23/2024 by Telephone Conference. Anna Aguilar present by telephone for Plaintiff. Harold Shaftel and Victor Richardson (General Counsel Acxiom) present for Defendants. Case management plan approved. Parties to be referred to the Court–annexed SDNY Mediation Program. Post–Discovery Status Conference set for October 10, 2024 at 3:00PM before Judge Lewis J. Liman. (mf) (Entered: 05/29/2024) |
| 05/29/2024 | 37 | CASE MANAGEMENT PLAN AND SCHEDULING ORDER: All parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). This case is to be tried to a jury. Any motion to amend or to join additional parties shall be filed no later than May 31, 2024. Motions due by 10/21/2024. Depositions due by 9/13/2024. Expert Deposition due by 10/7/2024. Fact Discovery due by 9/20/2024. Expert Discovery due by 10/7/2024. Discovery due by 10/7/2024. Status Conference set for 10/10/2024 at 03:00 PM before Judge Lewis J. Liman. Pretrial Order due by 10/11/2024. The parties have conferred and their present best estimate of the length of trial is 5 days. A Post–Discovery Status Conference is scheduled for October 10, 2024 at 3:00PM. (Signed by Judge Lewis J. Liman on 5/29/2024) (ks) (Entered: 05/29/2024) |
| 05/29/2024 | 38 | MEDIATION REFERRAL ORDER: It is hereby ORDERED that this case is referred for mediation to the Court–annexed Mediation Program. The parties are hereby notified that Local Civil Rule 83.9 of the United States District Court for the Southern District of New York shall govern the mediation and are directed to participate in the mediation in good faith. Business people from both sides are required to attend the mediation. Parties are ordered to provide a status update to the Court regarding settlement within one week upon completion of the mediation. The mediation will have no effect upon any scheduling Order issued by this Court without leave of this Court. SO ORDERED. Please reference the following when corresponding with the Mediation Office. E–mail MediationOffice@nysd.uscourts.gov, telephone (212) 805–0643, and facsimile (212) 805–0647. Mediator to be Assigned by 6/12/2024. (Signed by Judge Lewis J. Liman on 5/29/2024) (ks) (Entered: 05/29/2024) |
| 05/29/2024 | 39 | AMENDED COMPLAINT amending 1 Complaint against Acxiom, LLC, Kinesso, LLC with JURY DEMAND.Document filed by Adstra, LLC. Related document: 1 Complaint. (Attachments: # 1 Exhibit Master Data Supply Agreement, # 2 Exhibit Data Processor Agreement, # 3 Exhibit Evaluation Agreement).(Burton Walsh, Anne) (Entered: 05/29/2024) |
| 05/30/2024 | 40 | ORDER denying as moot 32 Motion to Dismiss. Pursuant to Paragraph 3(C) of the Court's Individual Rules of Practice in Civil Cases, the previously–filed motion to dismiss is DENIED as MOOT. The Clerk of Court is respectfully directed to close Dkt. No. 32. SO ORDERED.. (Signed by Judge Lewis J. Liman on 5/30/2024) (ks) (Entered: 05/30/2024) |
| 05/31/2024 | 41 | LETTER MOTION to Compel Acxiom, LLC to Produce Rule 30(b)(6) witness on all noticed topics addressed to Judge Lewis J. Liman from Anne Burton–Walsh dated May 31, 2024. Document filed by Adstra, LLC. (Attachments: # 1 Exhibit May 1, 2024 Transcript of Hearing, # 2 Exhibit May 3, 2024 Adstra, LLC's Notice of 30(b)(6) Depositon of Acxiom, LLC, # 3 Exhibit May 17, 2024 Acxiom's Responses and Objections to Adstra's Rule 30(b)(6) Notice).(Burton Walsh, Anne) (Entered: 05/31/2024) |
| 06/03/2024 | 42 | LETTER RESPONSE in Opposition to Motion addressed to Judge Lewis J. Liman from Hal S. Shaftel, Esq. dated June 3, 2024 re: 41 LETTER MOTION to Compel Acxiom, LLC to Produce Rule 30(b)(6) witness on all noticed topics addressed to |

| | | |
|---|---|---|
| | | Judge Lewis J. Liman from Anne Burton–Walsh dated May 31, 2024. *Defendants Opposition to 5/31/24 Letter to compel expedited discovery*. Document filed by Acxiom, LLC, Kinesso, LLC..(Shaftel, Harold) (Entered: 06/03/2024) |
| 06/03/2024 | 43 | ORDER denying 41 Motion to Compel. Plaintiff's motion to compel Defendants to produce a 30(b)(6) witness on topics other than topic 6 of Plaintiff's notice of deposition pursuant to order of expedited discovery, see Dkt. No. 41–2, is DENIED. The Court restricted expedited discovery to "a 30(b)(6) deposition and a limited request for documents into the question of how Acxiom is currently using the Adstra data." Dkt. No. 35 at 23. That issue goes to the critical threshold question whetherapart from the meritsPlaintiff is at risk of suffering any irreparable harm. From context, it should be clear that the limitation was intended to cover both the 30(b)(6) deposition and the document request. SO ORDERED.. (Signed by Judge Lewis J. Liman on 6/3/2024) (ks) (Entered: 06/03/2024) |
| 06/10/2024 | | NOTICE OF MEDIATOR ASSIGNMENT – Notice of assignment of mediator. Mediator Schedule due by 7/10/2024.(sge) (Entered: 06/10/2024) |
| 06/20/2024 | 44 | MOTION to Dismiss *The Amended Complaint*. Document filed by Acxiom, LLC, Kinesso, LLC..(Shaftel, Harold) (Entered: 06/20/2024) |
| 06/20/2024 | 45 | MEMORANDUM OF LAW in Support re: 44 MOTION to Dismiss *The Amended Complaint*. . Document filed by Acxiom, LLC, Kinesso, LLC..(Shaftel, Harold) (Entered: 06/20/2024) |
| 06/25/2024 | | FIRST MEDIATION CONFERENCE. Mediation Conference scheduled for 8/21/2024 at 10:00 AM in Counsel's Office.(sni) (Entered: 06/25/2024) |
| 06/28/2024 | 46 | CONSENT LETTER MOTION for Leave to File Corrected Exhibit Doc. 39–1 to Amended Complaint (Doc. 39) addressed to Judge Lewis J. Liman from Anne Burton–Walsh dated June 28, 2024. Document filed by Adstra, LLC. (Attachments: # 1 Exhibit Corrected Document 39–1).(Burton Walsh, Anne) (Entered: 06/28/2024) |
| 06/29/2024 | 47 | ORDER granting 46 Letter Motion for Leave to File Document. Plaintiff shall file the document on July 1, 2024. (HEREBY ORDERED by Judge Lewis J. Liman)(Text Only Order) (Liman, Lewis) (Entered: 06/29/2024) |
| 07/01/2024 | 48 | EXHIBIT TO PLEADING re: 39 Amended Complaint,. Document filed by Adstra, LLC..(Burton Walsh, Anne) (Entered: 07/01/2024) |
| 07/08/2024 | 49 | PROPOSED PROTECTIVE ORDER. Document filed by Acxiom, LLC, Kinesso, LLC..(Shaftel, Harold) (Entered: 07/08/2024) |
| 07/08/2024 | 50 | MEMORANDUM OF LAW in Opposition re: 44 MOTION to Dismiss *The Amended Complaint*. . Document filed by Adstra, LLC..(Burton Walsh, Anne) (Entered: 07/08/2024) |
| 07/09/2024 | 51 | PROTECTIVE ORDER...regarding procedures to be followed that shall govern the handling of confidential material...SO ORDERED (Signed by Judge Lewis J. Liman on 7/9/2024) (ks) (Entered: 07/09/2024) |
| 07/15/2024 | 52 | REPLY MEMORANDUM OF LAW in Support re: 44 MOTION to Dismiss *The Amended Complaint*. . Document filed by Acxiom, LLC, Kinesso, LLC..(Shaftel, Harold) (Entered: 07/15/2024) |
| 09/06/2024 | 53 | FIRST LETTER MOTION for Extension of Time addressed to Judge Lewis J. Liman from Anne Burton–Walsh dated 9/6/24. Document filed by Adstra, LLC. (Attachments: # 1 Exhibit 9/4/24 Email Exchange With Defendants' Counsel Regarding Plaintiff's Extension Request, # 2 Exhibit 9/4/24 Email Response to Defendants' Counsel re Opposition to Extension, # 3 Exhibit Proposed Revised Case Management Plan and Scheduling Order).(Burton Walsh, Anne) (Entered: 09/06/2024) |
| 09/06/2024 | 54 | LETTER RESPONSE in Opposition to Motion addressed to Judge Lewis J. Liman from Hal S. Shaftel dated 9–6–2024 re: 53 FIRST LETTER MOTION for Extension of Time addressed to Judge Lewis J. Liman from Anne Burton–Walsh dated 9/6/24. . Document filed by Acxiom, LLC, Kinesso, LLC..(Shaftel, Harold) (Entered: 09/06/2024) |

| 09/06/2024 | 55 | ORDER taking under advisement 53 Motion for Extension of Time. The Court will entertain a reply letter so long as it is no longer than 2–single spaced pages (and there are no attachments) and it is filed on ECF no later than 2pm on September 7, 2024. (HEREBY ORDERED by Judge Lewis J. Liman)(Text Only Order) (Liman, Lewis) (Entered: 09/06/2024) |
| --- | --- | --- |
| 09/06/2024 | 56 | LETTER REPLY to Response to Motion addressed to Judge Lewis J. Liman from Anne Burton–Walsh dated 9/6/24 re: 53 FIRST LETTER MOTION for Extension of Time addressed to Judge Lewis J. Liman from Anne Burton–Walsh dated 9/6/24. . Document filed by Astdra, LLC..(Burton Walsh, Anne) (Entered: 09/06/2024) |
| 09/10/2024 | 57 | ORDER denying without prejudice 53 Letter Motion for Extension of Time. The motion for an extension of discovery is denied without prejudice to an application at the October 10 conference for the reopening of any of the noticed depositions for good cause based upon newly–produced documents. (HEREBY ORDERED by Judge Lewis J. Liman)(Text Only Order) (MB) (Entered: 09/10/2024) |
| 09/19/2024 | 59 | CONSENT LETTER MOTION for Extension of Time *For Completion of Expert Discovery* addressed to Judge Lewis J. Liman from Anna Aguilar dated 9/19/24. Document filed by Astdra, LLC..(Aguilar, Anna) (Entered: 09/19/2024) |
| 09/20/2024 | 60 | ORDER granting 59 Letter Motion for Extension of Time. The deadline for any party to move for summary judgment is extended to November 29, 2024. The post–discovery status conference scheduled for October 10, 2024 is adjourned to November 19, 2024 at 11 AM. The parties are directed to dial into the Court's teleconference number at 888–251–2909, use Access Code 2123101, and follow the necessary prompts. SO ORDERED. (Signed by Judge Lewis J. Liman on 9/20/2024) Motions due by 11/29/2024. (ks) (Entered: 09/20/2024) |
| 09/20/2024 |  | Set/Reset Hearings: Telephone Conference set for 11/19/2024 at 11:00 AM before Judge Lewis J. Liman. (ks) (Entered: 09/20/2024) |
| 10/11/2024 | 61 | PROPOSED ORDER TO SHOW CAUSE WITHOUT EMERGENCY RELIEF. Document filed by Astdra, LLC..(Burton Walsh, Anne) **Proposed Order to Show Cause to be reviewed by Clerk's Office staff.** (Entered: 10/11/2024) |
| 10/11/2024 | 62 | MOTION to Compel Kinesso, LLC and Acxiom, LLC to Comply with Discovery Obligations . Document filed by Astdra, LLC..(Burton Walsh, Anne) (Entered: 10/11/2024) |
| 10/11/2024 | 63 | **FILING ERROR – DEFICIENT DOCKET ENTRY (SEE 69 Declaration) –** DECLARATION of Anne Burton–Walsh in Support re: 62 MOTION to Compel Kinesso, LLC and Acxiom, LLC to Comply with Discovery Obligations .. Document filed by Astdra, LLC. (Attachments: # 1 Exhibit Excerpts of Rule 30(b)(6) Deposition of Kyle Hollaway, # 2 Exhibit Astdra's Second Request for Documents, # 3 Exhibit July 3, 2024 Email from Defense Counsel re Mediation Date, # 4 Exhibit Defendants' Responses and Objections to Astdra's Second Request for Documents, # 5 Exhibit Sept. 10, 2024 Letter from A. Aguilar to H. Shaftel re Discovery, # 6 Exhibit Sept. 11, 2024 Letter from H. Shaftel to A. Aguilar re Discovery, # 7 Exhibit Astdra's Third Request for Documents, # 8 Exhibit Astdra's Request for Inspection, # 9 Exhibit Astdra's Requests for Admission, # 10 Exhibit Defendants' Responses and Objections to Astdra's Third Request for Documents, # 11 Exhibit Defendants' Privilege Log, # 12 Exhibit Sept. 27, 2024 Letter from A. Burton Walsh to H. Shaftel re Discovery, # 13 Exhibit Sept. 27, 2024 Letter from H. Shaftel to A. Burton Walsh re Sept. 20 Letter, # 14 Exhibit Astdra's Revised Request for Inspection, # 15 Exhibit Sept. 30, 2024 Letter from H. Shaftel to A. Burton Walsh re Sept. 27 Letter, # 16 Exhibit Defendants' Responses and Objections to Astdra's Request for Inspection, # 17 Exhibit Oct. 7, 2024 Letter from H. Shaftel to A. Burton Walsh re Oct. 5 Letter, # 18 Exhibit Oct. 8, 2024 Email Correspondence re Follow Up Items re Meet and Confer, # 19 Exhibit Oct. 8, 2024 Email Correspondence re Request for Inspection, # 20 Exhibit Placeholder for Exs. 8, 22–38 Filed Under Seal).(Burton Walsh, Anne) Modified on 10/17/2024 (db). As per ECF–ERROR Email Correspondence received on 10/15/2024 @ 7:00pm. (Entered: 10/11/2024) |
| 10/11/2024 | 64 | LETTER MOTION to Seal *Certain Documents and Information in Connection with Motion to Compel Discovery* addressed to Judge Lewis J. Liman from Anne Burton–Walsh dated October 11, 2024. Document filed by Astdra, LLC..(Burton |

| | | Walsh, Anne) (Entered: 10/11/2024) |
|---|---|---|
| 10/11/2024 | 65 | ***SELECTED PARTIES***PROPOSED ORDER TO SHOW CAUSE WITHOUT EMERGENCY RELIEF. Document filed by Adstra, LLC. Motion or Motion or Order to File Under Seal: 64 .(Burton Walsh, Anne) **Proposed Order to Show Cause to be reviewed by Clerk's Office staff.** (Entered: 10/11/2024) |
| 10/11/2024 | 66 | ***SELECTED PARTIES*** MOTION to Compel Kinesso, LLC and Acxiom, LLC to Comply with Discovery Obligations . Document filed by Adstra, LLC.Motion or Order to File Under Seal: 64 .(Burton Walsh, Anne) (Entered: 10/11/2024) |
| 10/11/2024 | 67 | **FILING ERROR – DEFICIENT DOCKET ENTRY (SEE 68 Declaration)** – ***SELECTED PARTIES***DECLARATION of Anne Burton–Walsh in Support re: 64 LETTER MOTION to Seal *Certain Documents and Information in Connection with Motion to Compel Discovery* addressed to Judge Lewis J. Liman from Anne Burton–Walsh dated October 11, 2024.. Document filed by Adstra, LLC. (Attachments: # 1 Exhibit Excerpts of Rule 30(b)(6) Deposition of Kyle Hollaway, # 2 Exhibit Adstra's Second Request for Documents, # 3 Exhibit July 3, 2024 Email from Defense Counsel re Mediation Date, # 4 Exhibit Defendants' Responses and Objections to Adstra's Second Request for Documents, # 5 Exhibit Sept. 10, 2024 Letter from A. Aguilar to H. Shaftel re Discovery, # 6 Exhibit Sept. 11, 2024 Letter from H. Shaftel to A. Aguilar re Discovery, # 7 Exhibit Adstra's Third Request for Documents, # 8 Exhibit Emails Redacted as Privileged, # 9 Exhibit Adstra's Request for Inspection, # 10 Exhibit Adstra's Requests for Admission, # 11 Exhibit Defendants' Responses and Objections to Adstra's Third Request for Documents, # 12 Exhibit Defendants' Privilege Log, # 13 Exhibit Sept. 27, 2024 Letter from A. Burton Walsh to H. Shaftel re Discovery, # 14 Exhibit Sept. 27, 2024 Letter from H. Shaftel to A. Burton Walsh re Sept. 20 Letter, # 15 Exhibit Adstra's Revised Request for Inspection, # 16 Exhibit Sept. 30, 2024 Letter from H. Shaftel to A. Burton Walsh re Sept. 27 Letter, # 17 Exhibit Defendants' Responses and Objections to Request for Inspection, # 18 Exhibit Oct. 7, 2024 Letter from H. Shaftel to A. Burton Walsh re Oct. 5 Letter, # 19 Exhibit Oct. 8, 2024 Email Correspondence re Meet and Confer)Motion or Order to File Under Seal: 64 .(Burton Walsh, Anne) Modified on 10/17/2024 (db). As per ECF–ERROR Email Correspondence received on 10/15/2024 @ 7:00pm. (Entered: 10/11/2024) |
| 10/11/2024 | 68 | ***SELECTED PARTIES***DECLARATION of Anne Burton–Walsh in Support re: 66 MOTION to Compel Kinesso, LLC and Acxiom, LLC to Comply with Discovery Obligations .. Document filed by Adstra, LLC. (Attachments: # 1 Exhibit Excerpts of Rule 30(b)(6) Deposition of Kyle Hollaway, # 2 Exhibit Adstra's Second Request for Documents, # 3 Exhibit July 3, 2024 Email from Defense Counsel re Mediation Date, # 4 Exhibit Defendants' Responses and Objections to Adstra's Second Request for Documents, # 5 Exhibit Sept. 10, 2024 Letter from A. Aguilar to H. Shaftel re Discovery, # 6 Exhibit Sept. 11, 2024 Letter from H. Shaftel to A. Aguilar re Discovery, # 7 Exhibit Adstra's Third Request for Documents, # 8 Exhibit Emails Redacted as Privileged, # 9 Exhibit Adstra's Request for Inspection, # 10 Exhibit Adstra's Requests for Admission, # 11 Exhibit Defendants' Responses and Objections to Adstra's Third Request for Documents, # 12 Exhibit Defendants' Privilege Log, # 13 Exhibit Sept. 27, 2024 Letter from A. Burton Walsh to H. Shaftel re Discovery, # 14 Exhibit Sept. 27, 2024 Letter from H. Shaftel to A. Burton Walsh re Sept. 20 Letter, # 15 Exhibit Adstra's Revised Request for Inspection, # 16 Exhibit Sept. 30, 2024 Letter from H. Shaftel to A. Burton Walsh re Sept. 27 Letter, # 17 Exhibit Defendants' Responses and Objections to Request for Inspection, # 18 Exhibit Oct. 7, 2024 Letter from H. Shaftel to A. Burton Walsh re Oct. 5 Letter, # 19 Exhibit Oct. 8, 2024 Email Correspondence re Meet and Confer, # 20 Exhibit Oct. 8, 2024 Email Correspondence re Request for Inspection, # 21 Exhibit Oct. 9, 2024 Email from D. Friedman re Discovery, # 22 Exhibit Real ID Invoices, # 23 Exhibit Acxiom Website re Real ID, # 24 Exhibit Acxiom Real ID Cloud Announcement, # 25 Exhibit Excerpts of Todd Thomas Deposition, # 26 Exhibit Excerpts of Veena Xavier Deposition, # 27 Exhibit Excerpts of Andy Johnson Deposition, # 28 Exhibit Feb. 27, 2024 Email from V. Xavier, # 29 Exhibit Nov. 16, 2023 Email Exchange between Donovan and Becker, # 30 Exhibit Feb. 22, 2024 Email Exchange between Hollaway and Xavier, # 31 Exhibit Feb. 20, 2024 Email Exchange between Donovan and Thomas, # 32 Exhibit Jan. 18, 2024 Chat between Donovan and Johansen, # 33 Exhibit Nov. 13, 2023 Chat between Donovan and Thomas, # 34 Exhibit Apr. 9, 2024 Email re Purge, # 35 Exhibit Apr. 9, |

| | | |
|---|---|---|
| | | 2024 Chat between Xavier and Rainey, # 36 Exhibit Apr. 12, 2024 Chat between Hollaway and Xavier, # 37 Exhibit Feb. 23, 2024 Email from James Mooney, # 38 Exhibit Mar. 4, 2024 Data Evaluation Agreement for DSP data)Motion or Order to File Under Seal: 64 .(Burton Walsh, Anne) (Entered: 10/12/2024) |
| 10/15/2024 | | ***NOTICE TO COURT REGARDING PROPOSED ORDER TO SHOW CAUSE WITHOUT EMERGENCY RELIEF. Document No. 61 Proposed Order to Show Cause Without Emergency Relief was reviewed and approved as to form. (km) (Entered: 10/15/2024) |
| 10/15/2024 | | ***NOTICE TO COURT REGARDING PROPOSED ORDER TO SHOW CAUSE WITHOUT EMERGENCY RELIEF. Document No. 65 Proposed Order to Show Cause Without Emergency Relief was reviewed and approved as to form. (km) (Entered: 10/15/2024) |
| 10/15/2024 | 69 | DECLARATION of Anne Burton–Walsh in Support re: 62 MOTION to Compel Kinesso, LLC and Acxiom, LLC to Comply with Discovery Obligations .. Document filed by Astra, LLC. (Attachments: # 1 Exhibit Excerpts of Rule 30(b)(6) Deposition of Kyle Hollaway, # 2 Exhibit Adstra's Second Request for Documents, # 3 Exhibit July 3, 2024 Email from Defense Counsel re Mediation Date, # 4 Exhibit Defendants' Responses and Objections to Adstra's Second Request for Documents, # 5 Exhibit Sept. 10, 2024 Letter from A. Aguilar to H. Shaftel re Discovery, # 6 Exhibit Sept. 11, 2024 Letter from H. Shaftel to A. Aguilar re Discovery, # 7 Exhibit Adstra's Third Request for Documents, # 8 Exhibit (Sealed) Emails Redacted as Privileged, # 9 Exhibit Adstra's Request for Inspection, # 10 Exhibit Adstra's Requests for Admission, # 11 Exhibit Defendants' Responses and Objections to Adstra's Third Request for Documents, # 12 Exhibit Defendants' Privilege Log, # 13 Exhibit Sept. 27, 2024 Letter from A. Burton Walsh to H. Shaftel re Discovery, # 14 Exhibit Sept. 27, 2024 Letter from H. Shaftel to A. Burton Walsh re Sept. 20 Letter, # 15 Exhibit Adstra's Revised Request for Inspection, # 16 Exhibit Sept. 30, 2024 Letter from H. Shaftel to A. Burton Walsh re Sept. 27 Letter, # 17 Exhibit Defendants' Responses and Objections to Request for Inspection, # 18 Exhibit Oct. 7, 2024 Letter from H. Shaftel to A. Burton Walsh re Oct. 5 Letter, # 19 Exhibit Oct. 8, 2024 Email Correspondence re Meet and Confer, # 20 Exhibit Oct. 8, 2024 Email Correspondence re Request for Inspection, # 21 Exhibit Oct. 9, 2024 Email from D. Friedman re Discovery, # 22 Exhibit (Sealed) Exhibits 22–38).(Burton Walsh, Anne) (Entered: 10/15/2024) |
| 11/04/2024 | 70 | ORDER: The Court has not received any response from Defendants Kinesso, LLC and Acxiom, LLC to Plaintiff Astra, LLC's motion to compel discovery. Dkt. Nos. 62, 66. Defendants shall respond no later than November 6, 2024. In the absence of a timely response, the Court will consider the motion unopposed. SO ORDERED. (Signed by Judge Lewis J. Liman on 11/4/2024) ( Responses due by 11/6/2024) (ks) (Entered: 11/04/2024) |
| 11/06/2024 | 71 | LETTER MOTION to Seal Certain Exhibits, and Redact addressed to Judge Lewis J. Liman from Hal S. Shaftel dated November 6, 2024. Document filed by Kinesso, LLC, Acxiom, LLC..(Shaftel, Harold) (Entered: 11/06/2024) |
| 11/06/2024 | 72 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Opposition re: 66 MOTION to Compel Kinesso, LLC and Acxiom, LLC to Comply with Discovery Obligations . . Document filed by Kinesso, LLC, Acxiom, LLC, Adstra, LLC. Motion or Order to File Under Seal: 71 .(Shaftel, Harold) (Entered: 11/06/2024) |
| 11/06/2024 | 73 | ***SELECTED PARTIES***DECLARATION of Hal S. Shaftel in Opposition re: 66 MOTION to Compel Kinesso, LLC and Acxiom, LLC to Comply with Discovery Obligations .. Document filed by Kinesso, LLC, Acxiom, LLC, Adstra, LLC. (Attachments: # 1 Exhibit 1 (SEALED) Johnson Dep. Excerpts, # 2 Exhibit 6 (SEALED) ADSTRA0009787–801, # 3 Exhibit 13 (SEALED) ACXIOM003243–3248)Motion or Order to File Under Seal: 71 .(Shaftel, Harold) (Entered: 11/06/2024) |
| 11/06/2024 | 74 | MEMORANDUM OF LAW in Support re: 66 MOTION to Compel Kinesso, LLC and Acxiom, LLC to Comply with Discovery Obligations . Redacted. Document filed by Kinesso, LLC, Acxiom, LLC..(Shaftel, Harold) (Entered: 11/06/2024) |
| 11/06/2024 | 75 | DECLARATION of Hal S. Shaftel in Opposition re: 66 MOTION to Compel Kinesso, LLC and Acxiom, LLC to Comply with Discovery Obligations .. Document filed by |

| | | |
|---|---|---|
| | | Kinesso, LLC, Acxiom, LLC. (Attachments: # 1 Exhibit 1 – PLACEHOLDER Johnson Dep. Excerpts, # 2 Exhibit 2 – Kelleher Dep. Excerpts, # 3 Exhibit 3 – June 2, 2024 Email, # 4 Exhibit 4 – July 10, 2024 Adstra Email, # 5 Exhibit 5 – Defendants' Second Request for Production, # 6 Exhibit 6 – PLACEHOLDER ADSTRA0009787–801, # 7 Exhibit 7 – Xavier Dep. Excerpts, # 8 Exhibit 8 – Hollaway Dep. Excerpts, # 9 Exhibit 9 – Donovan Dep. Excerpts, # 10 Exhibit 10 – Thomas Dep. Excerpts, # 11 Exhibit 11 – Becker Dep. Excerpts, # 12 Exhibit 12 – Oct. 5, 2024 Letter from ABW to HS re Follow Up Items Post Meet and Confer, # 13 Exhibit 13 – PLACEHOLDER ACXIOM003243–3248).(Shaftel, Harold) (Entered: 11/06/2024) |
| 11/08/2024 | 76 | ORDER granting 64 Letter Motion to Seal (HEREBY ORDERED by Judge Lewis J. Liman)(Text Only Order) (MB) (Entered: 11/08/2024) |
| 11/08/2024 | 77 | ORDER granting 71 Letter Motion to Seal (HEREBY ORDERED by Judge Lewis J. Liman)(Text Only Order) (MB) (Entered: 11/08/2024) |
| 11/11/2024 | 78 | LETTER MOTION for Discovery , *Strike/Compel* addressed to Judge Lewis J. Liman from Hal S. Shaftel dated November 11, 2024. Document filed by Kinesso, LLC, Acxiom, LLC. (Attachments: # 1 Exhibit A – Letter dated 11/11/2024, # 2 Exhibit B – Letter dated 11/11/2024, # 3 Exhibit C – Letter dated 11/11/2024).(Shaftel, Harold) (Entered: 11/11/2024) |
| 11/11/2024 | 79 | REPLY MEMORANDUM OF LAW in Support re: 62 MOTION to Compel Kinesso, LLC and Acxiom, LLC to Comply with Discovery Obligations . . Document filed by Adstra, LLC..(Burton Walsh, Anne) (Entered: 11/11/2024) |
| 11/11/2024 | 80 | LETTER RESPONSE in Opposition to Motion addressed to Judge Lewis J. Liman from Anne Burton–Walsh dated Nov. 11, 2024 re: 78 LETTER MOTION for Discovery , *Strike/Compel* addressed to Judge Lewis J. Liman from Hal S. Shaftel dated November 11, 2024. . Document filed by Adstra, LLC. (Attachments: # 1 Exhibit A – Nov. 8, 2024 Email from Plaintiff's Counsel to Defendants' Counsel, # 2 Exhibit B – Nov. 11, 2024 Email from Plaintiff's Counsel to Defendants' Counsel, # 3 Exhibit C – Nov. 11, 2024 Email from Defendants' Counsel to Plaintiff's Counsel).(Burton Walsh, Anne) (Entered: 11/11/2024) |
| 11/12/2024 | 81 | MEMORANDUM AND ORDER denying 62 Motion to Compel; denying 66 Motion to Compel. The Court will review ex parte and in camera the four emails withheld on grounds of privilege. Defendants are directed to file the four emails under seal on the docket with access limited to Defendants and the Court. The motion to compel is otherwise denied. The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 62 and 66. SO ORDERED.. (Signed by Judge Lewis J. Liman on 11/12/2024) (ks) (Entered: 11/12/2024) |
| 11/12/2024 | 82 | MEMORANDUM AND ORDER granting in part and denying in part 78 Motion for Discovery. Defendants' motion to strike Plaintiff's expert reports or, in the alternative, for an extension of the deadline for expert discovery and for the submission of summary judgment motions and Daubert motions is granted in part and denied in part. Dkt. No. 78. The motion to strike Plaintiff's expert reports is denied. The deadline for the completion of expert discovery is extended to November 29, 2024, based upon the agreement of the parties that the depositions of Plaintiff's two experts will be completed by November 26, 2024, and Plaintiff's agreement to work with Defendants to schedule the deposition of Reza Qorbani. Dkt. No. 80 at 2. Summary judgment motions and Daubert motions shall be filed by December 16, 2024. Plaintiff shall produce the contract(s) between the named customer of Adstra (Dkt. No. 78 at 2) 24 hours in advance of the start of the deposition of Plaintiff's damages expert. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 78. SO ORDERED.. (Signed by Judge Lewis J. Liman on 11/12/2024) (ks) (Entered: 11/12/2024) |
| 11/12/2024 | | Set/Reset Deadlines: ( Deposition due by 11/26/2024., Expert Discovery due by 11/29/2024., Motions due by 12/16/2024.), (ks) (Entered: 11/12/2024) |
| 11/12/2024 | 83 | ***EX–PARTE*** LETTER addressed to Judge Lewis J. Liman from Hal S. Shaftel dated November 12, 2024 re: 4 Emails for In Camera Review by the Judge. Document filed by Kinesso, LLC, Acxiom, LLC. (Attachments: # 1 Exhibit 1 – Highlighted ACXIOM000162–163 (Unredacted), # 2 Exhibit 2 – Highlighted ACXIOM000165–166 (Unredacted), # 3 Exhibit 3 – Highlighted ACXIOM000205 |

| | | |
|---|---|---|
| | | (Unredacted), # 4 Exhibit 4 – Highlighted ACXIOM000207–208 (Unredacted))Motion or Order to File Under Seal: 81 .(Shaftel, Harold) (Entered: 11/12/2024) |
| 11/13/2024 | 84 | ORDER: Pursuant to the Court's order of November 12, 2024, Dkt. No. 82, Defendants submitted the four emails for the Court's in camera review, Dkt. No. 83. The Court has reviewed the emails and is satisfied that the redacted information is protected by the attorney–client privilege. Accordingly, to the extent that the motions at Dkt. Nos. 62 and 66 call for production of the emails in unredacted form, the motions are denied. SO ORDERED. (Signed by Judge Lewis J. Liman on 11/13/2024) (ks) (Entered: 11/13/2024) |
| 11/18/2024 | 85 | ORDER: The Telephonic Post–Discovery Status Conference previously set for November 19, 2024 is RESCHEDULED to November 20, 2024 at 4:00PM. Parties are reminded to dial into the Court's teleconference line at 888–251–2909 and use access code 2123101. (HEREBY ORDERED by Judge Lewis J. Liman) (Text Only Order) (mf) (Entered: 11/18/2024) |
| 11/18/2024 | | Set/Reset Hearings: Telephone Conference set for 11/20/2024 at 04:00 PM before Judge Lewis J. Liman. (mf) (Entered: 11/18/2024) |
| 11/20/2024 | 86 | ORDER: The Telephonic Post–Discovery Status Conference scheduled for today, November 20, 2024 is MOVED to 5:15PM. Parties are reminded to dial into the Court's teleconference line at 888–251–2909 and use access code 2123101. (HEREBY ORDERED by Judge Lewis J. Liman) (Text Only Order) (mf) (Entered: 11/20/2024) |
| 11/20/2024 | | Set/Reset Hearings: Telephone Conference set for 11/20/2024 at 05:15 PM before Judge Lewis J. Liman. (mf) (Entered: 11/20/2024) |
| 11/20/2024 | | Minute Entry for proceedings held before Judge Lewis J. Liman: Telephone Conference held on 11/20/2024. Anne Walsh and Anna Aguilar present for Plaintiff. Harold Shaftel present for Defendants. (mf) (Entered: 11/25/2024) |
| 11/26/2024 | 87 | LETTER MOTION to Seal *Partial Motion for Reconsideration* addressed to Judge Lewis J. Liman from Anne Burton–Walsh dated November 26, 2024. Document filed by Adstra, LLC..(Burton Walsh, Anne) (Entered: 11/26/2024) |
| 11/26/2024 | 88 | ***SELECTED PARTIES*** MOTION for Reconsideration re; 82 Order on Motion for Discovery,,,, 81 Order on Motion to Compel,,,,,, . Document filed by Adstra, LLC.Motion or Order to File Under Seal: 87 .(Burton Walsh, Anne) (Entered: 11/26/2024) |
| 11/26/2024 | 89 | ***SELECTED PARTIES***DECLARATION of Anne Burton–Walsh in Support re: 88 MOTION for Reconsideration re; 82 Order on Motion for Discovery,,,, 81 Order on Motion to Compel,,,,,, .. Document filed by Adstra, LLC. (Attachments: # 1 Exhibit Excerpt of 10/22/24 Expert Report of Erik Laykin, # 2 Exhibit Excerpt of 11/21/24 Deposition of Erik Laykin, # 3 Exhibit Excerpts of 11/14/24 Deposition of Ron Schnell, # 4 Exhibit Excerpts of 11/15/24 Deposition of Bala Dharan, # 5 Exhibit Excerpts of 11/6/24 Expert Report of Bala Dharan, # 6 Exhibit Excerpt of 10/22/24 Expert Report of Christopher Young)Motion or Order to File Under Seal: 87 .(Burton Walsh, Anne) (Entered: 11/26/2024) |
| 11/26/2024 | 90 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Support re: 88 MOTION for Reconsideration re; 82 Order on Motion for Discovery,,,, 81 Order on Motion to Compel,,,,,, . . Document filed by Adstra, LLC. Motion or Order to File Under Seal: 87 .(Burton Walsh, Anne) (Entered: 11/26/2024) |
| 11/26/2024 | 91 | MOTION for Reconsideration re; 82 Order on Motion for Discovery,,,, 81 Order on Motion to Compel,,,,,, . Document filed by Adstra, LLC..(Burton Walsh, Anne) (Entered: 11/26/2024) |
| 11/26/2024 | 92 | DECLARATION of Anne Burton–Walsh in Support re: 91 MOTION for Reconsideration re; 82 Order on Motion for Discovery,,,, 81 Order on Motion to Compel,,,,,, .. Document filed by Adstra, LLC. (Attachments: # 1 Exhibit Excerpt of 10/22/24 Expert Report of Erik Laykin, # 2 Exhibit Excerpt of 11/21/24 Deposition of Erik Laykin, # 3 Exhibit Placeholder for Excerpts of 11/14/24 Deposition of Ron Schnell, # 4 Exhibit Placeholder for Excerpts of 11/15/24 Deposition of Bala Dharan, # 5 Exhibit Placeholder for Excerpts of 11/6/24 Report of Bala Dharan, # 6 Exhibit |

| | | |
|---|---|---|
| | | Excerpts of 10/22/24 Expert Report of Christopher W. Young).(Burton Walsh, Anne) (Entered: 11/26/2024) |
| 11/26/2024 | 93 | MEMORANDUM OF LAW in Support re: 91 MOTION for Reconsideration re; 82 Order on Motion for Discovery,,,, 81 Order on Motion to Compel,,,,, . . Document filed by Adstra, LLC..(Burton Walsh, Anne) (Entered: 11/26/2024) |
| 12/04/2024 | 94 | MEMORANDUM OF LAW in Opposition re: 91 MOTION for Reconsideration re; 82 Order on Motion for Discovery,,,, 81 Order on Motion to Compel,,,,, . . Document filed by Kinesso, LLC, Acxiom, LLC..(Shaftel, Harold) (Entered: 12/04/2024) |
| 12/04/2024 | 95 | DECLARATION of Daniel Friedman in Opposition re: 91 MOTION for Reconsideration re; 82 Order on Motion for Discovery,,,, 81 Order on Motion to Compel,,,,, .. Document filed by Kinesso, LLC, Acxiom, LLC. (Attachments: # 1 Exhibit 1 – Hollaway Deposition Excerpts, # 2 Exhibit 2 – Xavier Deposition Excerpts, # 3 Exhibit 3 – Donovan Deposition Excerpts, # 4 Exhibit 4 – Becker Excerpts, # 5 Exhibit 5 – 04.09.24 Email from Hollaway ACXIOM000989, # 6 Exhibit 6 – 2024.04.12 Slack between Hollaway & Rainey ACXIOM002711).(Shaftel, Harold) (Entered: 12/04/2024) |
| 12/10/2024 | 96 | PROPOSED STIPULATION AND ORDER. Document filed by Adstra, LLC..(Burton Walsh, Anne) (Entered: 12/10/2024) |
| 12/11/2024 | 97 | STIPULATION REGARDING BRIEFING DEADLINES FOR SUMMARY JUDGMENT AND DAUBERT MOTIONS: IT IS STIPULATED AND AGREED, by and between the Parties in the above−referenced action that the following briefing schedule shall apply to motions for summary judgment and/or motions to exclude expert reports and testimony: Opening Briefs: December 16, 2024 Opposition Briefs: January 15, 2025 Reply Briefs: January 29, 2025 IT IS FURTHER STIPULATED AND AGREED that the page limit for Opening and Opposition Briefs shall be 30 pages and the limit for Replies shall be 13 pages, not including tables or signature pages. SO ORDERED. ( Motions due by 12/16/2024., Responses due by 1/15/2025, Replies due by 1/29/2025.) (Signed by Judge Lewis J. Liman on 12/12/2024) (rro) Modified on 2/7/2025 (rro). (Entered: 12/11/2024) |
| 12/11/2024 | 98 | REPLY MEMORANDUM OF LAW in Support re: 88 MOTION for Reconsideration re; 82 Order on Motion for Discovery,,,, 81 Order on Motion to Compel,,,, ., 91 MOTION for Reconsideration re; 82 Order on Motion for Discovery,,,, 81 Order on Motion to Compel,,,,, . . Document filed by Adstra, LLC..(Aguilar, Anna) (Entered: 12/11/2024) |
| 12/16/2024 | 99 | LETTER MOTION to Seal addressed to Judge Lewis J. Liman from Anne Burton−Walsh dated December 16, 2024. Document filed by Adstra, LLC..(Burton Walsh, Anne) (Entered: 12/16/2024) |
| 12/16/2024 | 100 | ***SELECTED PARTIES*** MOTION for Partial Summary Judgment . Document filed by Adstra, LLC. Responses due by 1/15/2025Motion or Order to File Under Seal: 99 .(Burton Walsh, Anne) (Entered: 12/16/2024) |
| 12/16/2024 | 101 | ***SELECTED PARTIES***DECLARATION of Andrew Johnson in Support re: 100 MOTION for Partial Summary Judgment .. Document filed by Adstra, LLC. Motion or Order to File Under Seal: 99 .(Burton Walsh, Anne) (Entered: 12/16/2024) |
| 12/16/2024 | 102 | ***SELECTED PARTIES***DECLARATION of Anne Burton−Walsh in Support re: 100 MOTION for Partial Summary Judgment .. Document filed by Adstra, LLC. (Attachments: # 1 Exhibit April 5, 2024 Declaration of Andrew Johnson, # 2 Exhibit October 22, 2024 Expert Report of Erik Laykin, # 3 Exhibit September 11, 2024 Deposition Transcript (Excerpted) of Andy Johnson, # 4 Exhibit March 3, 2020 Master Data Supply Agreement (MDSA), with Schedules A and B, # 5 Exhibit October 22, 2024 Expert Report of Christopher W. Young, # 6 Exhibit ADSTRA_0009633, ALC Identity & Data Solutions Presentation, # 7 Exhibit ADSTRA_0009689, Corporate and Capabilities Overview Presentation dated January 2020, # 8 Exhibit ADSTRA_0014567, ALC Board of Directors Meeting Presentation dated May 21, 2020, # 9 Exhibit KINESSO000125, Confidential Kii Identity Spine Presentation dated January 19, 2023, # 10 Exhibit ACXIOM000357−58, TTID & MAIDs Identity Crosswalk Generation Workflow Graph, # 11 Exhibit ADSTRA_0011287, Signed Data Processor Agreement dated October 11, 2021, # 12 Exhibit ACXIOM000646, |

| | | |
|---|---|---|
| | | Data Provider Evaluation Agreement dated February 20, 2022, # 13 Exhibit ADSTRA_0021168, Adstras Associate Handbook dated March 2021, # 14 Exhibit ADSTRA_0021151, Adstras Information Technology Privacy & Security Policies and Procedures Handbook, # 15 Exhibit ADSTRA_0021217, Adstras Data Security Brochure, # 16 Exhibit June 7, 2024 30(b)(6) Deposition Transcript (Excerpts) of Kyle Hollaway, # 17 Exhibit Transcript of the September 26, 2024 Deposition of Eugene Becker, # 18 Exhibit ADSTRA_0001069, Enterprise Identity Platform Thesis Presentation dated January 14, 2021, # 19 Exhibit ADSTRA_0012552, Adstra Board of Directors Meeting Presentation dated August 11, 2020, # 20 Exhibit ADSTRA_0011283, Email from Todd Thomas to Jason Bier and Kevin Mckenna dated October 11, 2021 re Acxiom Adstra Processing Agreement for Kinesso)Motion or Order to File Under Seal: 99 .(Burton Walsh, Anne) (Entered: 12/16/2024) |
| 12/16/2024 | 103 | ***SELECTED PARTIES***DECLARATION of Anne Burton−Walsh in Support re: 100 MOTION for Partial Summary Judgment .. Document filed by Adstra, LLC. (Attachments: # 1 Exhibit ADSTRA_0000003, Email from Todd Thomas to Jason Bier dated April 7, 2022 re Adstra/Kinesso/Acxiom IP Address Legal Sync Bi—Weekly, # 2 Exhibit ADSTRA_0000005, Redlined MDSA, attachment to Ex. 21, # 3 Exhibit ADSTRA_0000012, Redlined Adopting Agreement, attachment to Ex. 21, # 4 Exhibit Transcript (Excerpted) of the September 12, 2024 Deposition of Todd Thomas, # 5 Exhibit ADSTRA_0000096, Assignment Agreement between Acxiom and Kinesso dated November 27, 2023, # 6 Exhibit ADSTRA_0003954, Email exchange between Jason Bier, et al. dated February 2024 re Letter to Jonathan Kelleher, CFO at Adstra, dated November 27, 2023, # 7 Exhibit ADSTRA_0009506 and ADSTRA_0009507, Email from Todd Thomas dated November 28, 2024 attaching Termination Letter dated November 27, 2023, # 8 Exhibit ACXIOM000993, Email exchange between Brent Barrow, et al. dated October 2023 February 2024 re Adstra ISR, # 9 Exhibit ACXIOM002172, Email exchange between Todd Thomas and Cindy White dated January 24, 2024 re Kinesso Files, # 10 Exhibit ACXIOM002074, Email exchange between Todd Thomas, et al. dated July 20, 2023 re Adstras Contribution to Kii, # 11 Exhibit ACXIOM000715, Email from Veena Xavier to Bryan Donovan and Jennifer Nicholson dated September 16, 2023 re Discussing Adstra Testing; ACXIOM000719, Adstra Removal Research; and ACXIOM000720, Adstra Occupancies Analysis, # 12 Exhibit Transcript (Excerpted) of the September 10, 2024 Deposition of Veena Xavier, # 13 Exhibit ACXIOM000737, Email to Michael Lukaszevicz and William McCoy dated February 23, 2024 re Adstra Data, # 14 Exhibit ACXIOM000285, Email exchange between Kyle Hollaway, et al. dated December 2023 January 2024 re Acxiom/Adstra Follow Up on IP to HH Data, # 15 Exhibit ACXIOM000530, Email exchange between Veena Xavier, et al. dated December 2023 January 2024 re Acxiom/Adstra Follow Up on IP to HH Data, # 16 Exhibit ACXIOM001798, Acxiom RealID Cross−Referential Identity Graph Presentation dated October 1, 2023, # 17 Exhibit ACXIOM002599, February 22, 2024 internal Acxiom messages between Kyle Hollaway and Veena Xavier, # 18 Exhibit ACXIOM002981, November 13, 2023 internal Acxiom messages between Bryan Donovan and Todd Thomas, # 19 Exhibit ACXIOM002584, January 18, 2024 internal Acxiom messages between Brandi Johansen and Bryan Donovan, # 20 Exhibit ACXIOM002565, February 20, 2024 internal Acxiom messages between Bryan Donovan and Todd Thomas)Motion or Order to File Under Seal: 99 .(Burton Walsh, Anne) (Entered: 12/16/2024) |
| 12/16/2024 | 104 | ***SELECTED PARTIES***DECLARATION of Anne Burton−Walsh in Support re: 100 MOTION for Partial Summary Judgment .. Document filed by Adstra, LLC. (Attachments: # 1 Exhibit ACXIOM003176, Acxiom−Adobe Master Partnership Agreement, # 2 Exhibit ADSTRA_0020957, Excel Spreadsheet of Adstra Revenue by Client 2022 2024, # 3 Exhibit Transcript (Excerpted) of the November 27, 2024 Deposition of Reza Qorbani, # 4 Exhibit ADSTRA_0008144, Email exchange between Chandos Quill and Jonathan Kelleher dated October 2022 re Contract Pricing, # 5 Exhibit ADSTRA_0012358, Email exchange between Todd Thomas and Kevin McKenna dated January February 2020 re Copy of Contract, # 6 Exhibit ADSTRA_0019970, Email exchange between Kevin McKenna, et al. dated August October 2022 re Adstra Logs, # 7 Exhibit ACXIOM000207, Email exchange between Todd Thomas and Bryan Donovan dated October 2023 re Adstra Contract Summary, # 8 Exhibit ACXIOM001088, Kinesso/Console/KAS Presentation dated November 2023, # 9 Exhibit Interpublic Groups Press Release announcing IPGs Acquisition of Acxiom LLC dated October 1, 2018, # 10 Exhibit Acxioms Press Release for Real ID |

| | | |
|---|---|---|
| | | Launch dated October 17, 2023, # 11 Exhibit ADSTRA_0000044; ADSTRA_0000045; ADSTRA_0000052, April 28, 2022 Email from Todd Thomas to Jason Bier and Nathan Chanel dated April 2022 re Adstra/Kinesso/Acxiom IP Address Legal Sync Bi–Weekly with redlined and clean drafts of the MDSA, # 12 Exhibit ACXIOM000258, Email exchange between Kyle Hollaway, et al. dated April 9, 2024 re Adstra Data Purge, # 13 Exhibit ACXIOM000414, Email exchange between Drew Mader and Todd Thomas dated February 20, 2024 re Adstra Payments, # 14 Exhibit ACXIOM000499, Email exchange between Veena Xavier, et al. dated February 2024 re Update on Adstra Data, # 15 Exhibit ACXIOM002911, November 16, 2023 internal Acxiom messages between Bryan Donovan and Eugene Becker, # 16 Exhibit ACXIOM002655, April 9, 2024 internal Acxiom messages between Alan Rainey and Veena Xavier, # 17 Exhibit ADSTRA_0013655, Adstra Competitors Presentation Slides, # 18 Exhibit ACXIOM002711, April 12, 2024 internal Acxiom messages between Alan Rainey, Kyle Hollaway, and Veena Xavier)Motion or Order to File Under Seal: 99 .(Burton Walsh, Anne) (Entered: 12/16/2024) |
| 12/16/2024 | 105 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Support re: 100 MOTION for Partial Summary Judgment . . Document filed by Adstra, LLC. Motion or Order to File Under Seal: 99 .(Burton Walsh, Anne) (Entered: 12/16/2024) |
| 12/16/2024 | 106 | ***SELECTED PARTIES***RULE 56.1 STATEMENT. Document filed by Adstra, LLC. Motion or Order to File Under Seal: 99 .(Burton Walsh, Anne) (Entered: 12/16/2024) |
| 12/16/2024 | 107 | MOTION for Partial Summary Judgment . Document filed by Adstra, LLC. Responses due by 1/15/2025.(Burton Walsh, Anne) (Entered: 12/16/2024) |
| 12/16/2024 | 108 | DECLARATION of Andrew Johnson in Support re: 107 MOTION for Partial Summary Judgment .. Document filed by Adstra, LLC..(Burton Walsh, Anne) (Entered: 12/16/2024) |
| 12/16/2024 | 109 | DECLARATION of Anne Burton–Walsh in Support re: 107 MOTION for Partial Summary Judgment .. Document filed by Adstra, LLC. (Attachments: # 1 Exhibit April 5, 2024 Declaration of Andrew Johnson, # 2 Exhibit (Under Seal – Excerpts of Expert Report of Erik Laykin), # 3 Exhibit (Under Seal – Excerpts of Deposition Transcript of Andrew Johnson), # 4 Exhibit MDSA with Schedules A and B, # 5 Exhibit (Under Seal – Excerpts of Deposition of Plaintiff's Expert Christopher W. Young), # 6 Exhibit (Under Seal – ADSTRA_0009633, ALC Identity & Data Solutions Presentation), # 7 Exhibit (Under Seal – ADSTRA_0009689, Corporate and Capabilities Overview Presentation dated January 2020), # 8 Exhibit (Under Seal – ADSTRA_0014567, ALC Board of Directors Meeting Presentation dated May 21, 2020), # 9 Exhibit (Under Seal – KINESSO000125, Confidential Kii Identity Spine Presentation dated January 19, 2023), # 10 Exhibit (Under Seal – ACXIOM000358, TTID & MAIDs Identity Crosswalk Generation Workflow Graph), # 11 Exhibit 0011287, Signed Data Processor Agreement dated October 11, 2021, # 12 Exhibit (Under Seal – ACXIOM000646, Data Provider Evaluation Agreement dated February 20, 2022), # 13 Exhibit ADSTRA_0021168, Adstras Associate Handbook dated March 2021, # 14 Exhibit ADSTRA_0021151, Adstras Information Technology Privacy & Security Policies and Procedures Handbook, # 15 Exhibit ADSTRA_0021217, Adstras Data Security Brochure, # 16 Exhibit Transcript (Excerpted) of the June 7, 2024 30(b)(6) Deposition of Kyle Hollaway, # 17 Exhibit (Under Seal – Transcript (Excerpted) of the September 26, 2024 Deposition of Eugene Becker), # 18 Exhibit (Under Seal – ADSTRA_0001069, Enterprise Identity Platform Thesis Presentation dated January 14, 2021), # 19 Exhibit (Under Seal – ADSTRA_0012552, Adstra Board of Directors Meeting Presentation), # 20 Exhibit ADSTRA_0011283, Email from Todd Thomas to Jason Bier and Kevin Mckenna dated October 11, 2021 re Acxiom Adstra Processing Agreement for Kinesso).(Burton Walsh, Anne) (Entered: 12/16/2024) |
| 12/16/2024 | 110 | DECLARATION of Anne Burton–Walsh in Support re: 107 MOTION for Partial Summary Judgment .. Document filed by Adstra, LLC. (Attachments: # 1 Exhibit 41 (Under Seal – ACXIOM003176, Acxiom–[Redacted] Master Partnership Agreement), # 2 Exhibit 42 (Under Seal – ADSTRA_0020957, Excel Spreadsheet of Adstra Revenue by Client 2022 2024), # 3 Exhibit 43 (Under Seal – Excerpted Transcript of the November 27, 2024 Deposition of Reza Qorbani), # 4 Exhibit 44 (Under Seal – ADSTRA_0008144, Email exchange between Chandos Quill and Jonathan Kelleher |

|  |  | dated October 2022 re Contract Pricing), # 5 Exhibit 45 – ADSTRA_0012358, Email exchange between Todd Thomas and Kevin McKenna dated January February 2020 re Copy of Contract, # 6 Exhibit 46 – ADSTRA_0019970, Email exchange between Kevin McKenna, et al. dated August October 2022 re Adstra Logs, # 7 Exhibit 47 (Under Seal – ACXIOM000207, Email exchange between Todd Thomas and Bryan Donovan dated October 2023 re Adstra Contract Summary), # 8 Exhibit 48 (Under Seal – ACXIOM001088, Kinesso/Console/KAS Presentation dated November 2023), # 9 Exhibit 49 – Interpublic Groups Press Release announcing IPGs Acquisition of Acxiom LLC dated October 1, 2018, # 10 Exhibit 50 – Acxioms Press Release for Real ID Launch dated October 17, 2023, # 11 Exhibit 51 – ADSTRA_0000044; ADSTRA_0000045; ADSTRA_0000052, April 28, 2022 Email from Todd Thomas to Jason Bier and Nathan Chanel dated April 2022 re Adstra/Kinesso/Acxiom IP Address Legal Sync Bi—Weekly with redlined and clean drafts of the MDSA, # 12 Exhibit 52 (Under Seal – ACXIOM000258, Email exchange between Kyle Hollaway, et al. dated April 9, 2024 re Adstra Data Purge), # 13 Exhibit 53 (Under Seal – ACXIOM000414, Email exchange between Drew Mader and Todd Thomas dated February 20, 2024 re Adstra Payments), # 14 Exhibit 54 (Under Seal – ACXIOM000499, Email exchange between Veena Xavier, et al. dated February 2024 re Update on Adstra Data), # 15 Exhibit 55 (Under Seal – ACXIOM002911, November 16, 2023 internal Acxiom messages between Bryan Donovan and Eugene Becker), # 16 Exhibit 56 (Under Seal – ACXIOM002655, April 9, 2024 internal Acxiom messages between Alan Rainey and Veena Xavier), # 17 Exhibit 57 (Under Seal – ADSTRA_0013655, Adstra Competitors Presentation Slides), # 18 Exhibit 58 (Under Seal – ACXIOM002711, April 12, 2024 internal Acxiom messages between Alan Rainey, Kyle Hollaway, and Veena Xavier)).(Burton Walsh, Anne) (Entered: 12/16/2024) |
| 12/16/2024 | 111 | MEMORANDUM OF LAW in Support re: 107 MOTION for Partial Summary Judgment . . Document filed by Adstra, LLC..(Burton Walsh, Anne) (Entered: 12/16/2024) |
| 12/16/2024 | 112 | RULE 56.1 STATEMENT. Document filed by Adstra, LLC..(Burton Walsh, Anne) (Entered: 12/16/2024) |
| 12/16/2024 | 113 | LETTER MOTION to Seal addressed to Judge Lewis J. Liman from Anne Burton–Walsh dated December 16, 2024. Document filed by Adstra, LLC..(Burton Walsh, Anne) (Entered: 12/16/2024) |
| 12/16/2024 | 114 | ***SELECTED PARTIES*** MOTION to Preclude *Expert Reports and Testimony from Defendants' Experts Ron Schnell and Bala Dharan, Ph.D*. Document filed by Adstra, LLC.Motion or Order to File Under Seal: 113 .(Burton Walsh, Anne) (Entered: 12/16/2024) |
| 12/16/2024 | 115 | LETTER MOTION to Seal addressed to Judge Lewis J. Liman from Hal S. Shaftel dated December 16, 2024. Document filed by Kinesso, LLC, Acxiom, LLC..(Shaftel, Harold) (Entered: 12/16/2024) |
| 12/16/2024 | 116 | ***SELECTED PARTIES***DECLARATION of Anne Burton–Walsh in Support re: 114 MOTION to Preclude *Expert Reports and Testimony from Defendants' Experts Ron Schnell and Bala Dharan, Ph.D.*. Document filed by Adstra, LLC. (Attachments: # 1 Exhibit Nov. 6, 2024 Rebuttal Expert Report of Defendants' Technical Expert Ron Schnell, # 2 Exhibit Nov. 6, 2024 Rebuttal Expert Report of Defendants' Damages Expert Bala G. Dharan, Ph.D., # 3 Exhibit Oct. 22, 2024 Expert Report of Plaintiff's Technical Expert Erik Laykin, # 4 Exhibit Mar. 3, 2020 MDSA, # 5 Exhibit Transcript of June 7, 2024 30(b)(6) Deposition of Kyle Hollaway (Excerpted), # 6 Exhibit Transcript of September 12, 2024 Deposition of Todd Thomas (Excerpted), # 7 Exhibit Appendix A to Ron Schnells November 6, 2024 Expert Report, # 8 Exhibit Transcript of November 14, 2024 Deposition of Ron Schnell (Excerpted), # 9 Exhibit October 22, 2024 Expert Report of Christopher W. Young, Ph.D, Adstras damages expert, # 10 Exhibit Transcript of November 15, 2024 Deposition of Bala G. Dharan (Excerpted), # 11 Exhibit Transcript of November 26, 2024 Deposition of Christopher W. Young, Ph.D. (Excerpted), # 12 Exhibit KINESSO000125, Confidential Kii Identity Spine Presentation dated January 19, 2023, # 13 Exhibit Declaration of Todd Thomas in Opposition to Adstra, LLCs Proposed Order to Show Cause Seeking a Temporary Restraining Order, Expedited Discovery, and a Preliminary Injunction, dated April 26, 2024, # 14 Exhibit ACXIOM002911, November 16, 2023 internal Acxiom messages between Bryan Donovan and Eugene Becker, # 15 Exhibit |

| | | |
|---|---|---|
| | | ACXIOM000357 and ACXIOM000358, Email from Veena Xavier dated April 30, 2024 with attachment TTID & MAIDs Identity Crosswalk Generation Workflow Graph, # 16 Exhibit ACXIOM000285, Email exchange between Kyle Hollaway, et al. dated December 2023 January 2024 re Acxiom/Adstra Follow Up on IP to HH Data, # 17 Exhibit ACXIOM001798, Acxiom RealID Cross–Referential Identity Graph Presentation dated October 1, 2023, # 18 Exhibit ACXIOM000715, Email from Veena Xavier to Bryan Donovan and Jennifer Nicholson dated September 16, 2023 re Discussing Adstra Testing, # 19 Exhibit ACXIOM002655, April 9, 2024 internal Acxiom messages between Alan Rainey and Veena Xavier, # 20 Exhibit ACXIOM001088, Kinesso/Console/KAS Presentation dated November 2023, # 21 Exhibit Transcript of November 27, 2024 Deposition of Reza Qorbani (Excerpted), # 22 Exhibit Dharan Deposition Exhibit 3, Screenshot of Acxioms Website., # 23 Exhibit ACXIOM003176, Acxiom–Adobe Master Partnership Agreement, ACXIOM003252 [Acxiom Real ID Contract] and ACXIOM003257 [Acxiom Real ID Licensing Agreement], # 24 Exhibit Transcript of September 10, 2024 Deposition of Veena Xavier (Excerpted), # 25 Exhibit Transcript of September 11, 2024 Deposition of Andy Johnson (Excerpted), # 26 Exhibit ACXIOM000499, Email exchange between Veena Xavier, et al. dated February 2024 re Update on Adstra Diligence)Motion or Order to File Under Seal: 113 .(Burton Walsh, Anne) (Entered: 12/16/2024) |
| 12/16/2024 | 117 | MOTION in Limine *to Exclude the Testimony of Erik Laykin*. Document filed by Kinesso, LLC, Acxiom, LLC..(Shaftel, Harold) (Entered: 12/16/2024) |
| 12/16/2024 | 118 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Support re: 117 MOTION in Limine *to Exclude the Testimony of Erik Laykin*. . Document filed by Kinesso, LLC, Acxiom, LLC, Adstra, LLC. Motion or Order to File Under Seal: 115 .(Shaftel, Harold) (Entered: 12/16/2024) |
| 12/16/2024 | 119 | MEMORANDUM OF LAW in Support re: 117 MOTION in Limine *to Exclude the Testimony of Erik Laykin*. . Document filed by Kinesso, LLC, Acxiom, LLC..(Shaftel, Harold) (Entered: 12/16/2024) |
| 12/16/2024 | 120 | ***SELECTED PARTIES***DECLARATION of Daniel Friedman in Support re: 117 MOTION in Limine *to Exclude the Testimony of Erik Laykin*.. Document filed by Kinesso, LLC, Acxiom, LLC, Adstra, LLC. (Attachments: # 1 Exhibit A Laykin Report, # 2 Exhibit B Laykin Depo, # 3 Exhibit C Schnell Report, # 4 Exhibit D Schnell Excerpts, # 5 Exhibit E ACXIOM000357, # 6 Exhibit F ACXIOM000715, # 7 Exhibit G Xavier Excerpts)Motion or Order to File Under Seal: 115 .(Shaftel, Harold) (Entered: 12/16/2024) |
| 12/16/2024 | 121 | DECLARATION of Daniel Friedman in Support re: 117 MOTION in Limine *to Exclude the Testimony of Erik Laykin*.. Document filed by Kinesso, LLC, Acxiom, LLC. (Attachments: # 1 Exhibit A Laykin Report (sealed), # 2 Exhibit B Laykin Depo(sealed), # 3 Exhibit C Schnell Report(sealed), # 4 Exhibit D Schnell Excerpts(sealed), # 5 Exhibit E ACXIOM000357(sealed), # 6 Exhibit F ACXIOM000715(sealed), # 7 Exhibit G Xavier Excerpts(sealed)).(Shaftel, Harold) (Entered: 12/16/2024) |
| 12/16/2024 | 122 | MOTION in Limine *to Exclude the Opinions and Testimony of Christopher W. Young*. Document filed by Kinesso, LLC, Acxiom, LLC..(Shaftel, Harold) (Entered: 12/16/2024) |
| 12/16/2024 | 123 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Support re: 122 MOTION in Limine *to Exclude the Opinions and Testimony of Christopher W. Young*. . Document filed by Kinesso, LLC, Acxiom, LLC, Adstra, LLC. Motion or Order to File Under Seal: 115 .(Shaftel, Harold) (Entered: 12/16/2024) |
| 12/16/2024 | 124 | MEMORANDUM OF LAW in Support re: 122 MOTION in Limine *to Exclude the Opinions and Testimony of Christopher W. Young*. *(redacted)*. Document filed by Kinesso, LLC, Acxiom, LLC..(Shaftel, Harold) (Entered: 12/16/2024) |
| 12/16/2024 | 125 | ***SELECTED PARTIES***DECLARATION of Hal S. Shaftel in Support re: 122 MOTION in Limine *to Exclude the Opinions and Testimony of Christopher W. Young*.. Document filed by Kinesso, LLC, Acxiom, LLC, Adstra, LLC. (Attachments: # 1 Exhibit A Young Expert report, # 2 Exhibit B Young Tr, # 3 Exhibit C Dharan Expert Report, # 4 Exhibit D Adstra's R&Os to ROGs., # 5 Exhibit E Adstra Customer Contract, # 6 Exhibit F Becker Tr, # 7 Exhibit G Mooney Tr, # 8 Exhibit H Graph |

| | | Revenue Projection)Motion or Order to File Under Seal: 115 .(Shaftel, Harold) (Entered: 12/16/2024) |
|---|---|---|
| 12/16/2024 | 126 | DECLARATION of Hal S. Shaftel in Support re: 122 MOTION in Limine *to Exclude the Opinions and Testimony of Christopher W. Young*.. Document filed by Kinesso, LLC, Acxiom, LLC. (Attachments: # 1 Exhibit A Young Expert Report (sealed), # 2 Exhibit B Young Tr(sealed), # 3 Exhibit C Dharan Expert Report(sealed), # 4 Exhibit D Adstra's R&O's to ROG(sealed), # 5 Exhibit E Adstra Customer Contract(sealed), # 6 Exhibit F Becker Tr_Redacted, # 7 Exhibit G Mooney Tr_Redacted, # 8 Exhibit H Graph Revenue Projection(sealed)).(Shaftel, Harold) (Entered: 12/16/2024) |
| 12/16/2024 | 127 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Support re: 114 MOTION to Preclude *Expert Reports and Testimony from Defendants' Experts Ron Schnell and Bala Dharan, Ph.D.* . Document filed by Adstra, LLC. Motion or Order to File Under Seal: 113 .(Burton Walsh, Anne) (Entered: 12/16/2024) |
| 12/16/2024 | 128 | MOTION for Summary Judgment . Document filed by Kinesso, LLC, Acxiom, LLC..(Shaftel, Harold) (Entered: 12/16/2024) |
| 12/16/2024 | 129 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Support re: 128 MOTION for Summary Judgment . . Document filed by Kinesso, LLC, Acxiom, LLC, Adstra, LLC. Motion or Order to File Under Seal: 115 .(Shaftel, Harold) (Entered: 12/16/2024) |
| 12/16/2024 | 130 | MEMORANDUM OF LAW in Support re: 128 MOTION for Summary Judgment . *(redacted)*. Document filed by Kinesso, LLC, Acxiom, LLC..(Shaftel, Harold) (Entered: 12/16/2024) |
| 12/16/2024 | 131 | ***SELECTED PARTIES***RULE 56.1 STATEMENT. Document filed by Kinesso, LLC, Acxiom, LLC. Motion or Order to File Under Seal: 115 .(Shaftel, Harold) (Entered: 12/16/2024) |
| 12/16/2024 | 132 | RULE 56.1 STATEMENT. Document filed by Kinesso, LLC, Acxiom, LLC..(Shaftel, Harold) (Entered: 12/16/2024) |
| 12/16/2024 | 133 | MOTION to Preclude *Expert Reports and Testimony of Defendants' Experts Ron Schnell and Bala Dharan, Ph.D.*. Document filed by Adstra, LLC..(Burton Walsh, Anne) (Entered: 12/16/2024) |
| 12/16/2024 | 134 | ***SELECTED PARTIES***DECLARATION of Hal S. Shaftel in Support re: 128 MOTION for Summary Judgment .. Document filed by Kinesso, LLC, Acxiom, LLC, Adstra, LLC. (Attachments: # 1 Exhibit 1 Excerpts Hollaway Tr, # 2 Exhibit 2 Excerpts Erwin Tr, # 3 Exhibit 3 ADSTRA_0009177, # 4 Exhibit 4 ADSTRA_0011799, # 5 Exhibit 5 Excerpts Xavier Tr, # 6 Exhibit 8 ADSTRA_0009747, # 7 Exhibit 9 Excerpts Johnson Tr, # 8 Exhibit 11 ADSTRA_0011965, # 9 Exhibit 12 ADSTRA_0011991, # 10 Exhibit 13 ADSTRA_0012266, # 11 Exhibit 14 ADSTRA_0020172, # 12 Exhibit 15 ADSTRA_0012361, # 13 Exhibit 16 ADSTRA_0012374, # 14 Exhibit 17 ADSTRA_0012016, # 15 Exhibit 18 ADSTRA_0000015, # 16 Exhibit 19 Excerpts Donovan Tr, # 17 Exhibit 20 ADSTRA_0012153, # 18 Exhibit 21 ADSTRA_0012202, # 19 Exhibit 22 ADSTRA_0010720, # 20 Exhibit 23 ADSTRA_0012953, # 21 Exhibit 24 ADSTRA_0019716, # 22 Exhibit 25 ADSTRA_0002667, # 23 Exhibit 26 ADSTRA_0011663, # 24 Exhibit 27 KINESSO000013, # 25 Exhibit 28 ACXIOM001573, # 26 Exhibit 29 KINESSO000001, # 27 Exhibit 30 Excerpts Becker Tr., # 28 Exhibit 31 ACXIOM002844, # 29 Exhibit 33 ACXIOM000358, # 30 Exhibit 38 ADSTRA_0003269, # 31 Exhibit 39 ADSTRA_0003308, # 32 Exhibit 40 ADSTRA_0003824, # 33 Exhibit 41 ADSTRA_0009014, # 34 Exhibit 42 ADSTRA_0009068, # 35 Exhibit 43 ADSTRA_0009011, # 36 Exhibit 44 ADSTRA_0013531, # 37 Exhibit 45 ADSTRA_0003379., # 38 Exhibit 47 ADSTRA_0013882, # 39 Exhibit 48 ADSTRA_0020411, # 40 Exhibit 49 ACXIOM000743, # 41 Exhibit 51 Excerpts Qorbani Tr, # 42 Exhibit 52 Excerpts Laykin Tr, # 43 Exhibit 55 ACXIOM003234, # 44 Exhibit 56 ACXIOM003243, # 45 Exhibit 57 ACXIOM002615, # 46 Exhibit 58 ACXIOM002587, # 47 Exhibit 59 ACXIOM003176, # 48 Exhibit 60 ACXIOM003252, # 49 Exhibit 61 ACXIOM003257, # 50 Exhibit 62 ACXIOM003175, # 51 Exhibit 63 ACXIOM003240, # 52 Exhibit 64 ACXIOM003237)Motion or Order to File Under |

| | | |
|---|---|---|
| | | Seal: <u>115</u> .(Shaftel, Harold) (Entered: 12/16/2024) |
| 12/16/2024 | <u>135</u> | DECLARATION of Anne Burton–Walsh in Support re: <u>133</u> MOTION to Preclude *Expert Reports and Testimony of Defendants' Experts Ron Schnell and Bala Dharan, Ph.D...* Document filed by Adstra, LLC. (Attachments: # <u>1</u> Exhibit Under Seal – November 6, 2024 Expert Report of Ron Schnell, Axioms technical rebuttal expert, # <u>2</u> Exhibit Under Seal – November 6, 2024 Expert Report of Bala G. Dharan, Axcioms damages rebuttal expert, # <u>3</u> Exhibit Under Seal – October 22, 2024 Expert Report of Erik Laykin, Adstras technical expert, # <u>4</u> Exhibit MDSA with Schedules A and B, # <u>5</u> Exhibit Transcript of June 7, 2024 30(b)(6) Deposition of Kyle Hollaway (Excerpted), # <u>6</u> Exhibit Under Seal – Transcript of September 12, 2024 Deposition of Todd Thomas (Excerpted), # <u>7</u> Exhibit Under Seal – Appendix A to Ron Schnells November 6, 2024 Expert Report, # <u>8</u> Exhibit Under Seal – Transcript of the November 14, 2024 Deposition of Ron Schnell (Excerpted), # <u>9</u> Exhibit Under Seal – October 22, 2024 Expert Report of Christopher W. Young, Ph.D, Adstras damages expert, # <u>10</u> Exhibit Under Seal – Transcript of the November 15, 2024 Deposition of Bala G. Dharan (Excerpted), # <u>11</u> Exhibit Under Seal – Transcript of the November 26, 2024 Deposition of Christopher W. Young, Ph.D. (Excerpted), # <u>12</u> Exhibit Under Seal – KINESSO000125, Confidential Kii Identity Spine Presentation dated January 19, 2023, # <u>13</u> Exhibit April 26, 2024 Declaration of Todd Thomas, # <u>14</u> Exhibit Under Seal – ACXIOM002911, November 16, 2023 internal Acxiom messages between Bryan Donovan and Eugene Becker, # <u>15</u> Exhibit Under Seal – ACXIOM000357 and ACXIOM000358, Email from Veena Xavier dated April 30, 2024 with attachment TTID & MAIDs Identity Crosswalk Generation Workflow Graph, # <u>16</u> Exhibit Under Seal – ACXIOM000285, Email exchange between Kyle Hollaway, et al. dated December 2023 January 2024 re Acxiom/Adstra Follow Up on IP to HH Data, # <u>17</u> Exhibit Under Seal – ACXIOM001798, Acxiom RealID Cross–Referential Identity Graph Presentation dated October 1, 2023, # <u>18</u> Exhibit Under Seal – ACXIOM000715, Email from Veena Xavier to Bryan Donovan and Jennifer Nicholson dated September 16, 2023 re Discussing Adstra Testing, # <u>19</u> Exhibit Under Seal – ACXIOM002655, April 9, 2024 internal Acxiom messages between Alan Rainey and Veena Xavier, # <u>20</u> Exhibit Under Seal – ACXIOM001088, Kinesso/Console/KAS Presentation dated November 2023, # <u>21</u> Exhibit Under Seal – Transcript of the November 27, 2024 Deposition of Reza Qorbani (Excerpted), # <u>22</u> Exhibit Dharan Deposition Exhibit 3, Screenshot of Acxioms Website, # <u>23</u> Exhibit Under Seal – ACXIOM003176, Acxiom– Master Partnership Agreement, ACXIOM003252 [Acxiom Real ID Contract] and ACXIOM003257 [Acxiom Real ID Licensing Agreement], # <u>24</u> Exhibit Under Seal – Transcript of the September 10, 2024 Deposition of Veena Xavier (Excerpted), # <u>25</u> Exhibit Under Seal – Transcript of the September 11, 2024 Deposition of Andy Johnson, # <u>26</u> Exhibit Under Seal – ACXIOM000499, Email exchange between Veena Xavier, et al. dated February 2024 re Update on Adstra Data).(Burton Walsh, Anne) (Entered: 12/16/2024) |
| 12/16/2024 | <u>136</u> | MEMORANDUM OF LAW in Support re: <u>133</u> MOTION to Preclude *Expert Reports and Testimony of Defendants' Experts Ron Schnell and Bala Dharan, Ph.D..* . Document filed by Adstra, LLC..(Burton Walsh, Anne) (Entered: 12/16/2024) |
| 12/16/2024 | <u>137</u> | DECLARATION of Hal S. Shaftel in Support re: <u>128</u> MOTION for Summary Judgment .. Document filed by Kinesso, LLC, Acxiom, LLC. (Attachments: # <u>1</u> Exhibit 001 Excerpts Holloway Transcript, # <u>2</u> Exhibit 002 Excerpts Erwin Transcript (sealed), # <u>3</u> Exhibit 003 ADSTRA _0009177(Sealed), # <u>4</u> Exhibit 004 ADSTRA_0011799 (Sealed), # <u>5</u> Exhibit 005 Excerpts Xavier Transcript, # <u>6</u> Exhibit 006 ACXIOM001262, # <u>7</u> Exhibit 007 Excerpts Thomas Transcript, # <u>8</u> Exhibit 008 ADSTRA_0009747 (sealed), # <u>9</u> Exhibit 009 Excerpts Johnson (sealed), # <u>10</u> Exhibit 010 Excerpts Mooney Transcript, # <u>11</u> Exhibit 011 ADSTRA_0011965 (sealed), # <u>12</u> Exhibit 012 ADSTRA_001199 (sealed), # <u>13</u> Exhibit 013 ADSTRA_0012266 (sealed), # <u>14</u> Exhibit 014 ADSTRA_0020172 (sealed), # <u>15</u> Exhibit 015 ADSTRA_0012361 (sealed), # <u>16</u> Exhibit 016 ADSTRA_0012374 (sealed), # <u>17</u> Exhibit 017 ADSTRA_0012016 (sealed), # <u>18</u> Exhibit 018 ADSTRA_0000015 (sealed), # <u>19</u> Exhibit 019 Excerpts Donovan Transcript, # <u>20</u> Exhibit 020 ADSTRA_0012153 (sealed), # <u>21</u> Exhibit 021 ADSTRA_0012202 (sealed), # <u>22</u> Exhibit 022 ADSTRA_0010720 (sealed), # <u>23</u> Exhibit 023 ADSTRA_0012953 (sealed), # <u>24</u> Exhibit 024 ADSTRA_0019716 (sealed), # <u>25</u> Exhibit 025 ADSTRA_0002667 (sealed), # <u>26</u> Exhibit 026 ADSTRA_0011663 (sealed), # <u>27</u> Exhibit 027 KINESSO000013 (sealed), # <u>28</u> Exhibit 028 ACXIOM001573 (sealed), # |

| | | |
|---|---|---|
| | | 29 Exhibit 029 KINESSO000001 (sealed), # 30 Exhibit 030 Excerpts Becker Transcript, # 31 Exhibit 031 ACXIOM002844 (sealed), # 32 Exhibit 032 ACXIOM001712 (sealed), # 33 Exhibit 033 ACXIOM000358 (sealed), # 34 Exhibit 034 ACXIOM000240 (sealed), # 35 Exhibit 035 Excerpts Kelleher Transcript, # 36 Exhibit 036 Excerpts Bier Transcript, # 37 Exhibit 037 ACXIOM002685 (sealed), # 38 Exhibit 038 ADSTRA_0003269 (sealed), # 39 Exhibit 039 ADSTRA_0003308 (sealed), # 40 Exhibit 040 ADSTRA_0003824 (sealed), # 41 Exhibit 041 ADSTRA_0009014 (sealed), # 42 Exhibit 042 ADSTRA_0009068 (sealed), # 43 Exhibit 043 ADSTRA_0009011 (sealed), # 44 Exhibit 044 ADSTRA_0013531(sealed), # 45 Exhibit 045 ADSTRA_0003379 (sealed), # 46 Exhibit 046 ACXIOM000619, # 47 Exhibit 047 ADSTRA_0013882 (sealed), # 48 Exhibit 048 ADSTRA_0020411 (sealed), # 49 Exhibit 049 ACXIOM000743, # 50 Exhibit 050 2024.12.05 Letter from A. Aguilar, # 51 Exhibit 051 Excerpts Qorbani Transcript, # 52 Exhibit 052 Excerpts Laykin Transcript, # 53 Exhibit 053 KINESSO000004, # 54 Exhibit 054 ACXIOM002273, # 55 Exhibit 055 ACXIOM003234 (sealed), # 56 Exhibit 056 ACXIOM003243, # 57 Exhibit 057 ACXIOM002615, # 58 Exhibit 058 ACXIOM002587, # 59 Exhibit 059 ACXIOM003176 (sealed), # 60 Exhibit 060 ACXIOM003252 (sealed), # 61 Exhibit 061 ACXIOM003257 (sealed), # 62 Exhibit 062 ACXIOM003175 (sealed), # 63 Exhibit 063 ACXIOM003240 (sealed), # 64 Exhibit 064 ACXIOM003237 (sealed), # 65 Exhibit 065 Article).(Shaftel, Harold) (Entered: 12/16/2024) |
| 01/03/2025 | 138 | NOTICE OF APPEARANCE by Ryan Weiner on behalf of Adstra, LLC..(Weiner, Ryan) (Entered: 01/03/2025) |
| 01/15/2025 | 139 | LETTER MOTION to Seal addressed to Judge Lewis J. Liman from Anne Burton−Walsh dated January 15, 2025. Document filed by Adstra, LLC..(Burton Walsh, Anne) (Entered: 01/15/2025) |
| 01/15/2025 | 140 | ***SELECTED PARTIES***DECLARATION of Anne Burton−Walsh in Opposition re: 122 MOTION in Limine *to Exclude the Opinions and Testimony of Christopher W. Young.*. Document filed by All Parties. (Attachments: # 1 Exhibit Nov. 15, 2024 Screenshot from Acxiom's website, # 2 Exhibit Transcript of Sept. 26, 2024 Deposition of Eugene Becker, # 3 Exhibit ADSTRA_0020957 − Adstra Revenue by Client, # 4 Exhibit Transcript of Nov. 26, 2024 Deposition of Christopher W. Young, # 5 Exhibit Valuation Report − Qualia, # 6 Exhibit 2022 MarTech Intelligence Report cited on Acxiom's website as of Jan. 10, 2025, # 7 Exhibit Dec. 20, 2024 AdWeek article, # 8 Exhibit Transcript of Nov. 15, 2024 Deposition of Bala Dharan − Excerpts, # 9 Exhibit March 2023 eMarketer article)Motion or Order to File Under Seal: 139 .(Burton Walsh, Anne) (Entered: 01/15/2025) |
| 01/15/2025 | 141 | ***SELECTED PARTIES***DECLARATION of Christopher W. Young in Opposition re: 122 MOTION in Limine *to Exclude the Opinions and Testimony of Christopher W. Young.*. Document filed by All Parties. (Attachments: # 1 Exhibit Oct. 22, 2024 Expert Report of Christopher W. Young)Motion or Order to File Under Seal: 139 .(Burton Walsh, Anne) (Entered: 01/15/2025) |
| 01/15/2025 | 142 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Opposition re: 122 MOTION in Limine *to Exclude the Opinions and Testimony of Christopher W. Young.*. Document filed by Adstra, LLC. Motion or Order to File Under Seal: 139 .(Burton Walsh, Anne) (Entered: 01/15/2025) |
| 01/15/2025 | 143 | DECLARATION of Anne Burton−Walsh in Opposition re: 122 MOTION in Limine *to Exclude the Opinions and Testimony of Christopher W. Young.*. Document filed by Adstra, LLC. (Attachments: # 1 Exhibit Nov. 15, 2024 Screenshot from Acxiom's website, # 2 Exhibit Transcript of Sept. 26, 2024 Deposition of Eugene Becker (Filed Under Seal), # 3 Exhibit ADSTRA_0020957 − Adstra Revenue by Client (Filed under seal), # 4 Exhibit Transcript of Nov. 26, 2024 Deposition of Christopher W. Young (Filed under seal), # 5 Exhibit Valuation Report − Qualia (Filed under seal), # 6 Exhibit 2022 MarTech Intelligence Report cited on Acxiom's website as of Jan. 10, 2025, # 7 Exhibit Dec. 20, 2024 AdWeek article, # 8 Exhibit Transcript of Nov. 15, 2024 Deposition of Bala Dharan (Filed under seal), # 9 Exhibit March 2023 eMarketer article).(Burton Walsh, Anne) (Entered: 01/15/2025) |
| 01/15/2025 | 144 | DECLARATION of Christopher W. Young in Opposition re: 122 MOTION in Limine *to Exclude the Opinions and Testimony of Christopher W. Young.*. Document filed by |

| | | |
|---|---|---|
| | | Adstra, LLC. (Attachments: # 1 Exhibit Oct. 22, 2024 Expert Report of Christopher W. Young (Filed under seal)).(Burton Walsh, Anne) (Entered: 01/15/2025) |
| 01/15/2025 | 145 | MEMORANDUM OF LAW in Opposition re: 122 MOTION in Limine *to Exclude the Opinions and Testimony of Christopher W. Young*. . Document filed by Adstra, LLC..(Burton Walsh, Anne) (Entered: 01/15/2025) |
| 01/15/2025 | 146 | ***SELECTED PARTIES***DECLARATION of Anne Burton–Walsh in Opposition re: 117 MOTION in Limine *to Exclude the Testimony of Erik Laykin*.. Document filed by All Parties. (Attachments: # 1 Exhibit Ex. A to Oct. 22, 2024 Laykin Report, # 2 Exhibit Oct. 19, 2023 Email from Xavier to Burks, ACXIOM001712, # 3 Exhibit Feb. 23, 2024 Email to Mooney, ACXIOM000508, # 4 Exhibit Apr. 9, 2024 Email from Hollaway to Richardson, KINESSO000004, # 5 Exhibit Ex. B to Oct. 22, 2024 Expert Report of Erik Laykin, # 6 Exhibit Transcript of Nov. 21, 2024 Deposition of Erik Laykin (Excerpted))Motion or Order to File Under Seal: 139 .(Burton Walsh, Anne) (Entered: 01/15/2025) |
| 01/15/2025 | 147 | ***SELECTED PARTIES***DECLARATION of Jason Bier in Opposition re: 117 MOTION in Limine *to Exclude the Testimony of Erik Laykin*.. Document filed by All Parties. Motion or Order to File Under Seal: 139 .(Burton Walsh, Anne) (Entered: 01/15/2025) |
| 01/15/2025 | 148 | ***SELECTED PARTIES***DECLARATION of Ryan Weiner in Opposition re: 128 MOTION for Summary Judgment .. Document filed by All Plaintiffs. (Attachments: # 1 Exhibit 1 – Jason Bier Deposition Excerpts, # 2 Exhibit 2 – Acxiom Emails re Adstra Invoices, # 3 Exhibit 3 – Marketer's Guide, # 4 Exhibit 4 – Andy Johnson Deposition Excerpts, # 5 Exhibit 5 – Eugene Becker Deposition Excerpts, # 6 Exhibit 6 – Acxiom Messages, # 7 Exhibit 7 – Rick Erwin Deposition Excerpts, # 8 Exhibit 8 – Reza Qorbani Deposition Excerpts)Motion or Order to File Under Seal: 139 .(Weiner, Ryan) (Entered: 01/15/2025) |
| 01/15/2025 | 149 | ***SELECTED PARTIES***DECLARATION of Erik Laykin in Opposition re: 117 MOTION in Limine *to Exclude the Testimony of Erik Laykin*.. Document filed by All Parties. (Attachments: # 1 Exhibit Ex. 1 – Part 1 of 3 – Oct. 22, 2024 Laykin Expert Report, # 2 Exhibit Ex. 1 – Part 2 of 3 – Oct. 22, 2024 Laykin Expert Report, # 3 Exhibit Ex. 1 – Part 3 of 3 – Oct. 22, 2024)Motion or Order to File Under Seal: 139 .(Burton Walsh, Anne) (Entered: 01/15/2025) |
| 01/15/2025 | 150 | ***SELECTED PARTIES***COUNTER STATEMENT TO 131 Rule 56.1 Statement. Document filed by All Parties. Motion or Order to File Under Seal: 139 .(Weiner, Ryan) (Entered: 01/15/2025) |
| 01/15/2025 | 151 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Opposition re: 117 MOTION in Limine *to Exclude the Testimony of Erik Laykin*. . Document filed by All Parties. Motion or Order to File Under Seal: 139 .(Burton Walsh, Anne) (Entered: 01/15/2025) |
| 01/15/2025 | 152 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Opposition re: 128 MOTION for Summary Judgment . . Document filed by All Parties. Motion or Order to File Under Seal: 139 .(Weiner, Ryan) (Entered: 01/15/2025) |
| 01/15/2025 | 153 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Opposition re: 122 MOTION in Limine *to Exclude the Opinions and Testimony of Christopher W. Young*. . Document filed by All Parties. Motion or Order to File Under Seal: 139 .(Burton Walsh, Anne) (Entered: 01/15/2025) |
| 01/15/2025 | 154 | DECLARATION of Ryan Weiner in Opposition re: 128 MOTION for Summary Judgment .. Document filed by Adstra, LLC. (Attachments: # 1 Exhibit 1 – Jason Bier Deposition Excerpts, # 2 Exhibit 2 – Sealed – Acxiom Emails re Adstra Invoices, # 3 Exhibit 3 – Marketer's Guide, # 4 Exhibit 4 – Andy Johnson Deposition Excerpts, # 5 Exhibit 5 – Sealed – Eugene Becker Deposition Excerpts, # 6 Exhibit 6 – Sealed – Acxiom Messages, # 7 Exhibit 7 – Rick Erwin Deposition Excerpts, # 8 Exhibit 8 – Reza Qorbani Deposition Excerpts).(Weiner, Ryan) (Entered: 01/15/2025) |
| 01/15/2025 | 155 | COUNTER STATEMENT TO 132 Rule 56.1 Statement. Document filed by Adstra, LLC..(Weiner, Ryan) (Entered: 01/15/2025) |

| | | |
|---|---|---|
| 01/15/2025 | 156 | MEMORANDUM OF LAW in Opposition re: 128 MOTION for Summary Judgment . . Document filed by Adstra, LLC..(Weiner, Ryan) (Entered: 01/15/2025) |
| 01/15/2025 | 157 | LETTER MOTION addressed to Judge Lewis J. Liman from Hal S. Shaftel dated 01–15–2025. Document filed by Kinesso, LLC, Acxiom, LLC..(Shaftel, Harold) (Entered: 01/15/2025) |
| 01/15/2025 | 158 | DECLARATION of Anne Burton–Walsh in Opposition re: 117 MOTION in Limine *to Exclude the Testimony of Erik Laykin.*. Document filed by Adstra, LLC. (Attachments: # 1 Exhibit (Sealed) Ex. A to Laykin Expert Report, # 2 Exhibit (Sealed) ACXIOM001712, # 3 Exhibit (Sealed) ACXIOM000508, # 4 Exhibit (Sealed) KINESSO000004, # 5 Exhibit (Sealed) Ex. B to Laykin Expert Report, # 6 Exhibit (Sealed) Transcript of Nov. 21, 2024 Deposition of Erik Laykin (Excerpts)).(Burton Walsh, Anne) (Entered: 01/15/2025) |
| 01/15/2025 | 159 | DECLARATION of Jason Bier in Opposition re: 117 MOTION in Limine *to Exclude the Testimony of Erik Laykin.*. Document filed by Adstra, LLC..(Burton Walsh, Anne) (Entered: 01/15/2025) |
| 01/15/2025 | 160 | DECLARATION of Erik Laykin in Opposition re: 117 MOTION in Limine *to Exclude the Testimony of Erik Laykin.*. Document filed by Adstra, LLC. (Attachments: # 1 Exhibit (Sealed) Oct. 22, 2024 Expert Report of Erik Laykin).(Burton Walsh, Anne) (Entered: 01/15/2025) |
| 01/15/2025 | 161 | MEMORANDUM OF LAW in Opposition re: 117 MOTION in Limine *to Exclude the Testimony of Erik Laykin*. . Document filed by Adstra, LLC..(Burton Walsh, Anne) (Entered: 01/15/2025) |
| 01/15/2025 | 162 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Support re: 157 LETTER MOTION to Seal addressed to Judge Lewis J. Liman from Hal S. Shaftel dated 01–15–2025. . Document filed by Kinesso, LLC, Acxiom, LLC. Motion or Order to File Under Seal: 157 .(Shaftel, Harold) (Entered: 01/15/2025) |
| 01/15/2025 | 163 | MEMORANDUM OF LAW in Opposition re: 157 LETTER MOTION to Seal addressed to Judge Lewis J. Liman from Hal S. Shaftel dated 01–15–2025. *(REDACTED)*. Document filed by Kinesso, LLC, Acxiom, LLC..(Shaftel, Harold) (Entered: 01/15/2025) |
| 01/15/2025 | 164 | ***SELECTED PARTIES***DECLARATION of Daniel Friedman in Opposition re: 157 LETTER MOTION to Seal addressed to Judge Lewis J. Liman from Hal S. Shaftel dated 01–15–2025.. Document filed by Kinesso, LLC, Acxiom, LLC, Adstra, LLC. (Attachments: # 1 Exhibit A – Schnell Depo, # 2 Exhibit B – Dharan Depo, # 3 Exhibit D – Xavier Depo, # 4 Exhibit E – Johnson Depo Excerpts, # 5 Exhibit G – Email, # 6 Exhibit H – lowchart)Motion or Order to File Under Seal: 157 .(Shaftel, Harold) (Entered: 01/15/2025) |
| 01/15/2025 | 165 | DECLARATION of Daniel Friedman in Opposition re: 157 LETTER MOTION to Seal addressed to Judge Lewis J. Liman from Hal S. Shaftel dated 01–15–2025.. Document filed by Kinesso, LLC, Acxiom, LLC. (Attachments: # 1 Exhibit A – Cover, # 2 Exhibit B – Cover, # 3 Exhibit C – Depo Excerpts, # 4 Exhibit D – Cover, # 5 Exhibit E – Cover, # 6 Exhibit F – Excerpts, # 7 Exhibit G – Email_Redacted, # 8 Exhibit H – Cover).(Shaftel, Harold) (Entered: 01/15/2025) |
| 01/15/2025 | 166 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Opposition re: 157 LETTER MOTION to Seal addressed to Judge Lewis J. Liman from Hal S. Shaftel dated 01–15–2025. . Document filed by Kinesso, LLC, Acxiom, LLC. Motion or Order to File Under Seal: 157 .(Shaftel, Harold) (Entered: 01/15/2025) |
| 01/15/2025 | 167 | MEMORANDUM OF LAW in Opposition re: 107 MOTION for Partial Summary Judgment . . Document filed by Kinesso, LLC, Acxiom, LLC..(Shaftel, Harold) (Entered: 01/15/2025) |
| 01/15/2025 | 168 | ***SELECTED PARTIES***COUNTER STATEMENT TO 112 Rule 56.1 Statement. Document filed by Kinesso, LLC, Acxiom, LLC. Motion or Order to File Under Seal: 157 .(Shaftel, Harold) (Entered: 01/15/2025) |
| 01/15/2025 | 169 | COUNTER STATEMENT TO 112 Rule 56.1 Statement. Document filed by Kinesso, LLC, Acxiom, LLC..(Shaftel, Harold) (Entered: 01/15/2025) |

| 01/15/2025 | 170 | ***SELECTED PARTIES***DECLARATION of Kyle Hollaway in Opposition re: 157 LETTER MOTION to Seal addressed to Judge Lewis J. Liman from Hal S. Shaftel dated 01–15–2025.. Document filed by Kinesso, LLC, Acxiom, LLC, Adstra, LLC. Motion or Order to File Under Seal: 157 .(Shaftel, Harold) (Entered: 01/15/2025) |
|---|---|---|
| 01/15/2025 | 171 | DECLARATION of Kyle Hollaway in Opposition re: 107 MOTION for Partial Summary Judgment .. Document filed by Kinesso, LLC, Acxiom, LLC..(Shaftel, Harold) (Entered: 01/15/2025) |
| 01/15/2025 | 172 | DECLARATION of Hal S. Shaftel in Opposition re: 107 MOTION for Partial Summary Judgment .. Document filed by Kinesso, LLC, Acxiom, LLC. (Attachments: # 1 Exhibit 1 – Cover, # 2 Exhibit 2 – Cover, # 3 Exhibit 3 – Mooney Excerpts_Redacted, # 4 Exhibit 4 – Cover, # 5 Exhibit 5 – Cover, # 6 Exhibit 6 – Excerpts, # 7 Exhibit 7 – Cover).(Shaftel, Harold) (Entered: 01/15/2025) |
| 01/15/2025 | 173 | ***SELECTED PARTIES***DECLARATION of Hal S. Shaftel in Opposition re: 107 MOTION for Partial Summary Judgment .. Document filed by Kinesso, LLC, Acxiom, LLC, Adstra, LLC. (Attachments: # 1 Exhibit 1 – Xavier Excerpts, # 2 Exhibit 2 – ACXIOM003166, # 3 Exhibit 3 – Mooney Excerpts, # 4 Exhibit 4 – Becker Excerpts, # 5 Exhibit 5 – Laykin Excerpts, # 6 Exhibit 7 – ACXIOMOO1897)Motion or Order to File Under Seal: 157 .(Shaftel, Harold) (Entered: 01/15/2025) |
| 01/15/2025 | 174 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Opposition re: 107 MOTION for Partial Summary Judgment . . Document filed by Kinesso, LLC, Acxiom, LLC, Adstra, LLC. Motion or Order to File Under Seal: 157 .(Shaftel, Harold) (Entered: 01/15/2025) |
| 01/15/2025 | 175 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Opposition re: 133 MOTION to Preclude *Expert Reports and Testimony of Defendants' Experts Ron Schnell and Bala Dharan, Ph.D.*. . Document filed by Kinesso, LLC, Acxiom, LLC, Adstra, LLC. Motion or Order to File Under Seal: 157 .(Shaftel, Harold) (Entered: 01/15/2025) |
| 01/15/2025 | 176 | MEMORANDUM OF LAW in Opposition re: 133 MOTION to Preclude *Expert Reports and Testimony of Defendants' Experts Ron Schnell and Bala Dharan, Ph.D.*. . Document filed by Kinesso, LLC, Acxiom, LLC..(Shaftel, Harold) (Entered: 01/15/2025) |
| 01/15/2025 | 177 | ***SELECTED PARTIES***DECLARATION of Daniel Friedman in Opposition re: 133 MOTION to Preclude *Expert Reports and Testimony of Defendants' Experts Ron Schnell and Bala Dharan, Ph.D.*... Document filed by Kinesso, LLC, Acxiom, LLC, Adstra, LLC. (Attachments: # 1 Exhibit A – Schnell Depo, # 2 Exhibit B – Dharan Depo, # 3 Exhibit D – Xavier Excerpts, # 4 Exhibit E – Johnson Depo Excerpts, # 5 Exhibit G – Email, # 6 Exhibit H – lowchart)Motion or Order to File Under Seal: 157 .(Shaftel, Harold) (Entered: 01/15/2025) |
| 01/15/2025 | 178 | DECLARATION of Daniel Friedman in Opposition re: 133 MOTION to Preclude *Expert Reports and Testimony of Defendants' Experts Ron Schnell and Bala Dharan, Ph.D.*... Document filed by Kinesso, LLC, Acxiom, LLC. (Attachments: # 1 Exhibit A – Cover, # 2 Exhibit B – Cover, # 3 Exhibit C – Holloway Depo Excerpts, # 4 Exhibit D – Cover, # 5 Exhibit E – Cover, # 6 Exhibit F – Becker Depo Excerpts, # 7 Exhibit G – Email Redacted, # 8 Exhibit H – Cover).(Shaftel, Harold) (Entered: 01/15/2025) |
| 01/15/2025 | 179 | ***SELECTED PARTIES***DECLARATION of Kyle Hollaway in Opposition re: 107 MOTION for Partial Summary Judgment .. Document filed by Kinesso, LLC, Acxiom, LLC, Adstra, LLC. Motion or Order to File Under Seal: 157 .(Shaftel, Harold) (Entered: 01/15/2025) |
| 01/29/2025 | 180 | LETTER MOTION to Seal addressed to Judge Lewis J. Liman from Anne Burton–Walsh dated January 29, 2025. Document filed by Adstra, LLC..(Burton Walsh, Anne) (Entered: 01/29/2025) |
| 01/29/2025 | 181 | ***SELECTED PARTIES***REPLY AFFIRMATION of Anne Burton–Walsh in Support re: 114 MOTION to Preclude *Expert Reports and Testimony from Defendants' Experts Ron Schnell and Bala Dharan, Ph.D.*. Document filed by All Parties. (Attachments: # 1 Exhibit Transcript of 9/11/24 Deposition of Andy Johnson |

| | | |
|---|---|---|
| | | (Excerpted))Motion or Order to File Under Seal: 180 .(Burton Walsh, Anne) (Entered: 01/29/2025) |
| 01/29/2025 | 182 | ***SELECTED PARTIES*** REPLY MEMORANDUM OF LAW in Support re: 114 MOTION to Preclude *Expert Reports and Testimony from Defendants' Experts Ron Schnell and Bala Dharan, Ph.D.* . Document filed by All Parties. Motion or Order to File Under Seal: 180 .(Burton Walsh, Anne) (Entered: 01/29/2025) |
| 01/29/2025 | 183 | REPLY AFFIRMATION of Anne Burton–Walsh in Support re: 133 MOTION to Preclude *Expert Reports and Testimony of Defendants' Experts Ron Schnell and Bala Dharan, Ph.D.*.. Document filed by Adstra, LLC. (Attachments: # 1 Exhibit (Sealed) Transcript of 9/11/24 Deposition of Andy Johnson (Excerpted)).(Burton Walsh, Anne) (Entered: 01/29/2025) |
| 01/29/2025 | 184 | REPLY MEMORANDUM OF LAW in Support re: 133 MOTION to Preclude *Expert Reports and Testimony of Defendants' Experts Ron Schnell and Bala Dharan, Ph.D.*. . Document filed by Adstra, LLC..(Burton Walsh, Anne) (Entered: 01/29/2025) |
| 01/29/2025 | 185 | ***SELECTED PARTIES*** REPLY MEMORANDUM OF LAW in Support re: 100 MOTION for Partial Summary Judgment . . Document filed by All Parties. Motion or Order to File Under Seal: 180 .(Weiner, Ryan) (Entered: 01/29/2025) |
| 01/29/2025 | 186 | ***SELECTED PARTIES***REPLY AFFIRMATION of Ryan Weiner in Support re: 100 MOTION for Partial Summary Judgment .. Document filed by All Parties. (Attachments: # 1 Exhibit Email between E. Becker and K. Hollaway dated Sep. 8, 2023)Motion or Order to File Under Seal: 180 .(Weiner, Ryan) (Entered: 01/29/2025) |
| 01/29/2025 | 187 | REPLY MEMORANDUM OF LAW in Support re: 107 MOTION for Partial Summary Judgment . . Document filed by Adstra, LLC..(Weiner, Ryan) (Entered: 01/29/2025) |
| 01/29/2025 | 188 | REPLY AFFIRMATION of Ryan Weiner in Support re: 107 MOTION for Partial Summary Judgment .. Document filed by Adstra, LLC. (Attachments: # 1 Exhibit Email between E. Becker and K. Hollaway dated Sep. 8, 2023).(Weiner, Ryan) (Entered: 01/29/2025) |
| 01/29/2025 | 189 | LETTER MOTION to Seal addressed to Judge Lewis J. Liman from Hal S. Shaftel dated 1–29–25. Document filed by Kinesso, LLC, Acxiom, LLC..(Shaftel, Harold) (Entered: 01/29/2025) |
| 01/29/2025 | 190 | REPLY MEMORANDUM OF LAW in Support re: 128 MOTION for Summary Judgment . . Document filed by Kinesso, LLC, Acxiom, LLC..(Shaftel, Harold) (Entered: 01/29/2025) |
| 01/29/2025 | 191 | DECLARATION of Kyle Hollaway in Support re: 128 MOTION for Summary Judgment .. Document filed by Kinesso, LLC, Acxiom, LLC..(Shaftel, Harold) (Entered: 01/29/2025) |
| 01/29/2025 | 192 | ***SELECTED PARTIES***DECLARATION of Kyle Hollaway in Support re: 128 MOTION for Summary Judgment .. Document filed by Kinesso, LLC, Acxiom, LLC, Adstra, LLC. Motion or Order to File Under Seal: 189 .(Shaftel, Harold) (Entered: 01/29/2025) |
| 01/29/2025 | 193 | DECLARATION of Hal S. Shaftel in Support re: 128 MOTION for Summary Judgment .. Document filed by Kinesso, LLC, Acxiom, LLC. (Attachments: # 1 Exhibit 1 – Cover Sheet Only, # 2 Exhibit 2 – Cover Sheet Only, # 3 Exhibit 3 – Thomas Excerpts).(Shaftel, Harold) (Entered: 01/29/2025) |
| 01/29/2025 | 194 | ***SELECTED PARTIES***DECLARATION of Hal S. Shaftel in Support re: 128 MOTION for Summary Judgment .. Document filed by Kinesso, LLC, Acxiom, LLC, Adstra, LLC. (Attachments: # 1 Exhibit 1 – ADSTRA_0009747, # 2 Exhibit 2 – Kelleher Exhibits, # 3 Exhibit 3 – Thomas Excerpts)Motion or Order to File Under Seal: 189 .(Shaftel, Harold) (Entered: 01/29/2025) |
| 01/29/2025 | 195 | REPLY MEMORANDUM OF LAW in Support re: 117 MOTION in Limine *to Exclude the Testimony of Erik Laykin*. . Document filed by Kinesso, LLC, Acxiom, LLC..(Shaftel, Harold) (Entered: 01/29/2025) |

| | | |
|---|---|---|
| 01/29/2025 | 196 | ***SELECTED PARTIES*** REPLY MEMORANDUM OF LAW in Support re: 117 MOTION in Limine *to Exclude the Testimony of Erik Laykin*. . Document filed by Kinesso, LLC, Acxiom, LLC, Adstra, LLC. Motion or Order to File Under Seal: 189 .(Shaftel, Harold) (Entered: 01/29/2025) |
| 01/29/2025 | 197 | REPLY MEMORANDUM OF LAW in Support re: 122 MOTION in Limine *to Exclude the Opinions and Testimony of Christopher W. Young*. . Document filed by Kinesso, LLC, Acxiom, LLC..(Shaftel, Harold) (Entered: 01/29/2025) |
| 01/29/2025 | 198 | ***SELECTED PARTIES*** REPLY MEMORANDUM OF LAW in Support re: 122 MOTION in Limine *to Exclude the Opinions and Testimony of Christopher W. Young*. . Document filed by Kinesso, LLC, Acxiom, LLC, Adstra, LLC. Motion or Order to File Under Seal: 189 .(Shaftel, Harold) (Entered: 01/29/2025) |
| 02/06/2025 | 199 | LETTER MOTION to Seal addressed to Judge Lewis J. Liman from Anne Burton−Walsh dated 2/6/25. Document filed by Adstra, LLC..(Burton Walsh, Anne) (Entered: 02/06/2025) |
| 02/06/2025 | 200 | ***SELECTED PARTIES*** LETTER MOTION to Compel Defendants to Unredact previously−produced documents addressed to Judge Lewis J. Liman from Anne Burton−Walsh dated February 6, 2025. Document filed by All Parties. (Attachments: # 1 Exhibit 1 − Real ID Contracts, # 2 Exhibit 2 − Real ID Invoices, # 3 Exhibit 3 − Protective Order, # 4 Exhibit 4 − Confidentiality Redaction Log)Motion or Order to File Under Seal: 199 .(Burton Walsh, Anne) (Entered: 02/06/2025) |
| 02/06/2025 | 201 | LETTER MOTION to Compel Defendants to Unredact previously−produced documents addressed to Judge Lewis J. Liman from Anne Burton−Walsh dated February 6, 2025. Document filed by Adstra, LLC. (Attachments: # 1 Exhibit 1 − Under Seal − Real ID Contracts, # 2 Exhibit 2 − Under Seal − Real ID Invoices, # 3 Exhibit 3 − Protective Order, # 4 Exhibit 4 − Confidentiality Redaction Log).(Burton Walsh, Anne) (Entered: 02/06/2025) |
| 02/07/2025 | 202 | LETTER addressed to Judge Lewis J. Liman from Hal S. Shaftel, Esq. dated February 7, 2025 re: Response to Plaintiff's Counsel's 2/6/25 letter re redactions. Document filed by Kinesso, LLC, Acxiom, LLC..(Shaftel, Harold) (Entered: 02/07/2025) |
| 02/19/2025 | 203 | OPINION AND ORDER re: 133 MOTION to Preclude *Expert Reports and Testimony of Defendants' Experts Ron Schnell and Bala Dharan, Ph.D.*. filed by Adstra, LLC, 122 MOTION in Limine *to Exclude the Opinions and Testimony of Christopher W. Young*. filed by Kinesso, LLC, Acxiom, LLC, 88 MOTION for Reconsideration re; 82 Order on Motion for Discovery,,,, 81 Order on Motion to Compel,,,,, ,,, 117 MOTION in Limine *to Exclude the Testimony of Erik Laykin*. filed by Kinesso, LLC, Acxiom, LLC, 44 MOTION to Dismiss *The Amended Complaint*. filed by Kinesso, LLC, Acxiom, LLC, 107 MOTION for Partial Summary Judgment . filed by Adstra, LLC, 200 LETTER MOTION to Compel Defendants to Unredact previously−produced documents addressed to Judge Lewis J. Liman from Anne Burton−Walsh dated February 6, 2025.. Defendants' motion for summary judgment, Dkt. No. 128, is GRANTED. Plaintiff's motion for partial summary judgment, Dkt. No. 107, is DENIED. Plaintiff's motion for reconsideration, Dkt. No. 88, is DENIED. Defendants' motion to dismiss, Dkt. No. 44, Plaintiff's motion to preclude expert reports and testimony, Dkt. No. 133, Defendant's motions to preclude expert reports and testimony, Dkt. Nos. 117, 122, and Plaintiff's letter motion to compel unredaction, Dkt. No. 200, are DENIED as moot. The Clerk of Court is respectfully directed to close Dkt. Nos. 44, 88, 107, 117, 122, 128, 133, and 200, enter judgment for Defendants, and close this case. SO ORDERED. (Signed by Judge Lewis J. Liman on 2/19/2025) (ks) Modified on 2/20/2025 (ks). (Main Document 203 replaced on 2/20/2025) (ks). (Entered: 02/19/2025) |
| 02/19/2025 | | Transmission to Orders and Judgments Clerk. Transmitted re: 203 Memorandum & Opinion, to the Orders and Judgments Clerk. (tro) (Entered: 02/27/2025) |
| 02/19/2025 | | Transmission to Orders and Judgments Clerk. Transmitted re: 203 Memorandum & Opinion,,,,,,,, to the Orders and Judgments Clerk..(ks) (Entered: 02/27/2025) |
| 02/21/2025 | 204 | ORDER: The motions to seal at Dkt. Nos. 87, 99, 113, 115, 139, 157, 180, 189, and 199 concern documents filed in connection with motions resolved by the Opinion and Order at Dkt. No. 203. The Court has made public certain of the information filed under seal in its Opinion and Order at Dkt. No. 203. In light of that Opinion and Order, |

| | | Plaintiff and Defendants each shall file a letter on ECF by no later than March 3, 2025, setting forth by docket number the documents that such party seeks to have maintained under seal and, with respect to each such document, the countervailing factors that are alleged to outweigh the presumption of access to judicial documents. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). In addition, each of Plaintiff and Defendants shall identify the documents, by docket number, that need not be maintained under seal. Failure to identify a document as one sought to be maintained under seal and to offer sufficient countervailing factors will result in unsealing. SO ORDERED. (Signed by Judge Lewis J. Liman on 2/21/2025) (vfr) (Main Document 204 replaced on 2/21/2025) (vfr). (Entered: 02/21/2025) |
|---|---|---|
| 02/27/2025 | 205 | CLERK'S JUDGMENT re: 203 Memorandum & Opinion in favor of Acxiom, LLC, Kinesso, LLC against Adstra, LLC. It is hereby ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Opinion and Order dated February 19, 2025, Defendants' motion for summary judgment, Dkt. No. 128, is GRANTED. Plaintiff's motion for partial summary judgment, Dkt. No. 107, is DENIED. Plaintiff's motion for reconsideration, Dkt. No. 88, is DENIED. Defendants' motion to dismiss, Dkt. No. 44, Plaintiff's motion to preclude expert reports and testimony, Dkt. No. 133, Defendant's motions to preclude expert reports and testimony, Dkt. Nos. 117, 122, and Plaintiff's letter motion to compel unredaction, Dkt. No. 200, are DENIED as moot. Dkt. Nos. 44, 88, 107, 117, 122, 128, 133, and 200 are closed. Judgment entered for Defendants, and the case is closed. (Signed by Clerk of Court Tammi M Hellwig on 2/27/2025) (Attachments: # 1 Appeal Package) (tp) (Entered: 02/27/2025) |
| 03/03/2025 | 206 | LETTER addressed to Judge Lewis J. Liman from Anna Aguilar dated 03/03/2025 re: Maintaining Documents Under Seal. Document filed by Adstra, LLC..(Aguilar, Anna) (Entered: 03/03/2025) |
| 03/03/2025 | 207 | LETTER MOTION to Seal *Per Order doc 204, Bases for Maintaining the Sealing of Certain Documents* addressed to Judge Lewis J. Liman from Hal S. Shaftel dated March 3, 2025. Document filed by Kinesso, LLC, Acxiom, LLC..(Shaftel, Harold) (Entered: 03/03/2025) |
| 03/03/2025 | 208 | ***SELECTED PARTIES***LETTER RESPONSE in Support of Motion addressed to Judge Lewis J. Liman from Hal S. Shaftel dated March 3, 2025 re: 207 LETTER MOTION to Seal *Per Order doc 204, Bases for Maintaining the Sealing of Certain Documents* addressed to Judge Lewis J. Liman from Hal S. Shaftel dated March 3, 2025. . Document filed by Kinesso, LLC, Acxiom, LLC, Adstra, LLC. (Attachments: # 1 Appendix A Judicial Documents, # 2 Appendix B Non–Judicial Documents, # 3 Appendix C Documents to be Unsealed, # 4 Exhibit ECF 102–17, # 5 Exhibit ECF 103–4, # 6 Exhibit ECF 103–8, # 7 Exhibit ECF 103–9, # 8 Exhibit ECF 103–10, # 9 Exhibit ECF 103–11, # 10 Exhibit ECF 103–12, # 11 Exhibit ECF 103–13, # 12 Exhibit ECF 103–14, # 13 Exhibit ECF 103–18, # 14 Exhibit ECF 103–20, # 15 Exhibit ECF 104–12, # 16 Exhibit ECF 104–13, # 17 Exhibit ECF 104–14, # 18 Exhibit ECF 104–15, # 19 Exhibit ECF 120–1, # 20 Exhibit ECF 120–1, # 21 Exhibit ECF 125–1, # 22 Exhibit ECF 148–5, # 23 Exhibit ECF 148–6, # 24 Exhibit ECF 166, # 25 Exhibit ECF 173–6)Motion or Order to File Under Seal: 99 .(Shaftel, Harold) (Entered: 03/03/2025) |
| 03/04/2025 | 209 | **FILING ERROR – NO ORDER SELECTED FOR APPEAL** – NOTICE OF APPEAL. Document filed by Adstra, LLC. Filing fee $ 605.00, receipt number ANYSDC–30708565. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Attachments: # 1 Exhibit ECF No. 203 Opinion and Order).(Aguilar, Anna) Modified on 3/4/2025 (nd). (Entered: 03/04/2025) |
| 03/04/2025 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT APPEAL. Notice to attorney Anna Aguilar to RE–FILE Document No. 209 Notice of Appeal,.. The filing is deficient for the following reason(s): the order/judgment being appealed was not selected;. Re–file the appeal using the event type Notice of Appeal found under the event list Appeal Documents – attach the correct signed PDF – select the correct named filer/filers – select the correct order/judgment being appealed. (nd)** (Entered: 03/04/2025) |
| 03/04/2025 | 210 | NOTICE OF APPEAL from 203 Memorandum & Opinion . Document filed by Adstra, LLC. Form C and Form D are due within 14 days to the Court of Appeals, |

| | | |
|---|---|---|
| | | Second Circuit. (Attachments: # 1 Exhibit ECF No. 203 Opinion and Order).(Aguilar, Anna) Modified on 3/4/2025 (nd). (Entered: 03/04/2025) |
| 03/04/2025 | | Appeal Fee Paid electronically via Pay.gov: for 210 Notice of Appeal,. Filing fee $ 605.00. Pay.gov receipt number ANYSDC−30708565, paid on 3/4/2025..(nd) (Entered: 03/04/2025) |
| 03/04/2025 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 210 Notice of Appeal,..(nd) (Entered: 03/04/2025) |
| 03/04/2025 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 210 Notice of Appeal, filed by Adstra, LLC were transmitted to the U.S. Court of Appeals..(nd) (Entered: 03/04/2025) |
| 03/11/2025 | 211 | MOTION for Attorney Fees . Document filed by Kinesso, LLC, Acxiom, LLC..(Shaftel, Harold) (Entered: 03/11/2025) |
| 03/11/2025 | 212 | DECLARATION of Hal S. Shaftel in Support re: 211 MOTION for Attorney Fees .. Document filed by Kinesso, LLC, Acxiom, LLC. (Attachments: # 1 Exhibit A – Attorney Bios, # 2 Exhibit B – Expert CVs).(Shaftel, Harold) (Entered: 03/11/2025) |
| 03/11/2025 | 213 | MEMORANDUM OF LAW in Support re: 211 MOTION for Attorney Fees . . Document filed by Kinesso, LLC, Acxiom, LLC..(Shaftel, Harold) (Entered: 03/11/2025) |
| 03/25/2025 | 214 | MEMORANDUM OF LAW in Opposition re: 211 MOTION for Attorney Fees . . Document filed by Adstra, LLC..(Burton Walsh, Anne) (Entered: 03/25/2025) |
| 03/31/2025 | 215 | MEMORANDUM AND ORDER granting in part and denying in part 207 Letter Motion to Seal. The motions to continue sealing are GRANTED IN PART and DENIED IN PART. Plaintiff will submit any proposed redactions to Dkt. Nos. 102−3, 102−7, 102−8, 105, 106, 125−4, 131, 150, 152, 166, 168, 174, and 185 by April 14, 2025. These documents will remain sealed pending the Court's ruling on such submission. Defendants shall re−file their proposed redactions to Dkt. Nos. 103−8, 103−9, and 103−10 by April 14, 2025. These documents will remain sealed pending the Court's ruling on such submission. Defendants shall publicly file versions of the following documents with the reduced redactions identified in their motion: Dkt. Nos. 102−17, 103−4, 103−11, 103−12, 103−14, 103−18, 103−20, 104−13, 104−14, 104−15, 104−16, 120−1, 125−1, 148−5, 148−6, 173−6. The Clerk of Court is respectfully directed to unseal the following documents: Dkt. Nos. 88; 89, 89−2; 90; 100; 101; 102, 102−2, 102−4, 102−5, 102−10, 102−11, 102−13, 102−14, 102−15, 102−16, 102−20; 103, 103−1, 103−2, 103−3, 103−5, 103−6, 103−7, 103−17, 103−19; 104, 104−5, 104−6, 104−9, 104−10, 104−11, 104−12, 104−18; 114; 116, 116−1, 116−3, 116−4, 116−5, 116−7, 116−13, 116−22, 116−24, 116−25; 120; 125−4; 129; 134, 134−1, 134−2, 134−3, 134−4, 134−5, 134−6, 134−8, 134−9, 134−10, 134−11, 134−12, 134−13, 134−14, 134−15, 134−17, 134−18, 134−20, 134−21, 134−22, 134−23, 134−26, 134−27, 134−29, 134−30, 134−31, 134−32, 134−36, 134−37, 134−38, 134−39, 134−41, 134−42, 134−45; 140, 140−1, 140−6, 140−7, 140−9; 141; 146, 146−1, 146−5; 147; 148, 148−2, 148−3, 148−4, 148−7, 148−8; 149; 151; 164, 164−1, 164−2, 164− 3, 164−4, 164−5, 164−6; 170; 173, 173−1, 173−3, 173−5; 177, 177−4; 181; 186, 186−1; 192; 194, 194−1, 194−2, 194−3; 196. (Signed by Judge Lewis J. Liman on 3/31/2025) (rro) (Entered: 04/01/2025) |
| 04/01/2025 | 216 | LETTER MOTION to Seal *Exhibit 1 to the Supplemental Declaration of Hal S. Shaftel* addressed to Judge Lewis J. Liman from Hal S. Shaftel dated 4−1−2025. Document filed by Acxiom, LLC, Kinesso, LLC..(Shaftel, Harold) (Entered: 04/01/2025) |
| 04/01/2025 | 217 | DECLARATION of Hal S. Shaftel in Support re: 216 LETTER MOTION to Seal *Exhibit 1 to the Supplemental Declaration of Hal S. Shaftel* addressed to Judge Lewis J. Liman from Hal S. Shaftel dated 4−1−2025., 211 MOTION for Attorney Fees .. Document filed by Acxiom, LLC, Kinesso, LLC. (Attachments: # 1 Exhibit 1 – GT Billing Records (TO BE SEALED), # 2 Exhibit 2 – Client Travel Records, # 3 Exhibit 3 – 3 – Expert Billing Records – B. Dharan, # 4 Exhibit 4 – Expert Billing Records – R. Schnell, # 5 Exhibit 5 – Data Vendor Records, # 6 Exhibit 6 – Astra Letter Re Appellate Briefing Deadline).(Shaftel, Harold) (Entered: 04/01/2025) |

| | | |
|---|---|---|
| 04/01/2025 | 218 | ***SELECTED PARTIES***DECLARATION of Hal S. Shaftel in Support re: 216 LETTER MOTION to Seal *Exhibit 1 to the Supplemental Declaration of Hal S. Shaftel* addressed to Judge Lewis J. Liman from Hal S. Shaftel dated 4–1–2025., 211 MOTION for Attorney Fees .. Document filed by Acxiom, LLC, Kinesso, LLC, Astdra, LLC. (Attachments: # 1 Exhibit GT Billing Records)Motion or Order to File Under Seal: 216 .(Shaftel, Harold) (Entered: 04/01/2025) |
| 04/01/2025 | 219 | MEMORANDUM OF LAW in Support re: 211 MOTION for Attorney Fees . . Document filed by Acxiom, LLC, Kinesso, LLC..(Shaftel, Harold) (Entered: 04/01/2025) |
| 04/03/2025 | 220 | ***SELECTED PARTIES*** LETTER addressed to Judge Lewis J. Liman from Hal S. Shaftel dated April 3, 2025 re: Order regarding sealing dated April 1, 2025 (ECF No. 215). Document filed by Astdra, LLC, Acxiom, LLC, Kinesso, LLC. (Attachments: # 1 Exhibit ECF 103–8 Redactions Highlighted, # 2 Exhibit ECF 103–9 Redactions Highlighted, # 3 Exhibit ECF 103–10 Redactions Highlighted)Motion or Order to File Under Seal: 215 .(Shaftel, Harold) (Entered: 04/03/2025) |
| 04/03/2025 | 221 | LETTER addressed to Judge Lewis J. Liman from Hal S. Shaftel dated April 3, 2025 re: Order regarding sealing dated April 1, 2025 (ECF No. 215). Document filed by Acxiom, LLC, Kinesso, LLC. (Attachments: # 1 Exhibit ECF 102–17 REDACTED, # 2 Exhibit ECF 103–4 REDACTED, # 3 Exhibit ECF 103–11 REDACTED, # 4 Exhibit ECF 103–12 REDACTED, # 5 Exhibit ECF 103–14 REDACTED, # 6 Exhibit ECF 103–18 REDACTED, # 7 Exhibit ECF 103–20 REDACTED, # 8 Exhibit ECF 104–13 REDACTED, # 9 Exhibit ECF 104–14 REDACTED, # 10 Exhibit ECF 104–15 REDACTED, # 11 Exhibit ECF 104–16 REDACTED, # 12 Exhibit ECF 120–1 REDACTED, # 13 Exhibit ECF 125–1 REDACTED, # 14 Exhibit ECF 148–5 REDACTED, # 15 Exhibit ECF 148–6 REDACTED, # 16 Exhibit ECF 173–6 REDACTED).(Shaftel, Harold) (Entered: 04/03/2025) |
| 04/04/2025 | 222 | ORDER: The motion to seal at Dkt. No. 220 is granted. Defendants shall file the documents publicly with the proposed redactions. (HEREBY ORDERED by Judge Lewis J. Liman) (Text Only Order) (bmm) (Entered: 04/04/2025) |
| 04/04/2025 | 223 | LETTER addressed to Judge Lewis J. Liman from Hal S. Shaftel dated April 4, 2025 re: Order regarding sealing dated April 4, 2025 (ECF No. 222). Document filed by Acxiom, LLC, Kinesso, LLC. (Attachments: # 1 Exhibit ECF 103–8 Redacted, # 2 Exhibit ECF 103–9 Redacted, # 3 Exhibit ECF 103–10 Redacted).(Shaftel, Harold) (Entered: 04/04/2025) |
| 04/09/2025 | 224 | MEMORANDUM AND ORDER granting in part and denying in part 211 Motion for Attorney Fees. The motion for attorneys' fees is GRANTED IN PART and DENIED IN PART. The motion is denied with respect to expert fees and fees on fees, and otherwise granted. Defendants are awarded $2,095,024.47 in attorneys' fees and $100,028.14 in other costs and expenses for a total of $2,195,052.61. The attorneys' fees award is equal to the total attorneys' fees sought of $2,117,524.47, minus $22,500 in fees on fees. The expenses award is equal to the total expenses sought of $338,545.36, minus $238,517.22 in expert fees. The Clerk of Court is respectfully directed to close Dkt. No. 211. SO ORDERED.. (Signed by Judge Lewis J. Liman on 4/9/2025) (ks) Transmission to Finance Unit (Cashiers) for processing. (Entered: 04/09/2025) |
| 04/14/2025 | 225 | ***SELECTED PARTIES*** LETTER addressed to Judge Lewis J. Liman from Anne Burton–Walsh dated April 14, 2025 re: Refiling of Certain Documents with Proposed Narrow Redactions Pursuant to Order (Dkt. 215). Document filed by Astdra, LLC, Acxiom, LLC, Kinesso, LLC. (Attachments: # 1 Exhibit Dkt. 102–3 with Proposed Narrow Redactions, # 2 Exhibit Dkt. 102–7 with Proposed Narrow Redactions, # 3 Exhibit Dkt. 102–8 with Proposed Narrow Redactions, # 4 Exhibit Dkt. 105 with Proposed Narrow Redactions, # 5 Exhibit Dkt. 106 with Proposed Narrow Redactions, # 6 Exhibit Dkt. 125–4 with Proposed Narrow Redactions, # 7 Exhibit Dkt. 150 with Proposed Narrow Redactions, # 8 Exhibit Dkt. 152 with Proposed Narrow Redactions, # 9 Exhibit Dkt. 166 with Proposed Narrow Redactions, # 10 Exhibit Dkt. 168 with Proposed Narrow Redactions)Motion or Order to File Under Seal: 215 .(Burton Walsh, Anne) (Entered: 04/14/2025) |
| 04/15/2025 | 226 | MEMO ENDORSEMENT on re: 225 Letter,,, filed by Kinesso, LLC, Acxiom, LLC, Astdra, LLC. ENDORSEMENT: Adstra's motion for targeted redactions to the listed |

| | | |
|---|---|---|
| | | documents is granted. The parties shall work together to publicly file the documents consistent with the redaction granted herein and in the Court's Opinion and Order of March 31, 2025. SO ORDERED. (Signed by Judge Lewis J. Liman on 4/15/2025) (tg) (Entered: 04/15/2025) |
| 04/22/2025 | 227 | LETTER addressed to Judge Lewis J. Liman from Anne Burton−Walsh dated April 22, 2025 re: Public Filing of Documents With Targeted Redactions Pursuant to Order (Dkt. 226). Document filed by Adstra, LLC. (Attachments: # 1 Exhibit ECF 102−3 − Redacted, # 2 Exhibit ECF 102−7 − Redacted, # 3 Exhibit ECF 102−8 − Redacted, # 4 Exhibit ECF 105 − Redacted, # 5 Exhibit ECF 106 − Redacted, # 6 Exhibit ECF 125−4 − Redacted, # 7 Exhibit ECF 150 − Redacted, # 8 Exhibit ECF 152 − Redacted, # 9 Exhibit ECF 166 − Redacted, # 10 Exhibit ECF 168 − Redacted).(Burton Walsh, Anne) (Entered: 04/22/2025) |
| 04/24/2025 | 228 | MOTION to Approve Supersedeas Bond *and Stay Execution of Fee Judgment*. Document filed by Adstra, LLC..(Burton Walsh, Anne) (Entered: 04/24/2025) |
| 04/24/2025 | 229 | DECLARATION of Anne Burton−Walsh in Support re: 228 MOTION to Approve Supersedeas Bond *and Stay Execution of Fee Judgment*.. Document filed by Adstra, LLC. (Attachments: # 1 Exhibit A − Supersedeas Bond).(Burton Walsh, Anne) (Entered: 04/24/2025) |
| 04/24/2025 | 230 | MEMORANDUM OF LAW in Support re: 228 MOTION to Approve Supersedeas Bond *and Stay Execution of Fee Judgment*. . Document filed by Adstra, LLC..(Burton Walsh, Anne) (Entered: 04/24/2025) |
| 04/24/2025 | 231 | **FILING ERROR − DEFICIENT DOCKET ENTRY** − PROPOSED ORDER. Document filed by Adstra, LLC. Related Document Number: 228 ..(Burton Walsh, Anne) **Proposed Order to be reviewed by Clerk's Office staff.** Modified on 5/2/2025 (km). (Entered: 04/24/2025) |
| 04/30/2025 | 232 | PROPOSED STIPULATION AND ORDER. Document filed by Adstra, LLC..(Burton Walsh, Anne) (Entered: 04/30/2025) |
| 04/30/2025 | 233 | STIPULATION AND ORDER REGARDING SUPERSEDEAS BOND AND STAY OF EXECUTION OF FEE JUDGMENT, Motions terminated: 228 MOTION to Approve Supersedeas Bond *and Stay Execution of Fee Judgment*. filed by Adstra, LLC. IT IS HEREBY ORDERED THAT the Bond is approved, and enforcement of and/or execution on the Fee Judgment is stayed for the time specified in the Bond. IT IS FURTHER ORDERED THAT this Stipulation and Order shall be without prejudice to the Parties seeking recovery for any additional attorneys' fees and costs in connection with Adstra's pending appeal of the summary judgment decision of this Court. SO ORDERED. The Clerk of Court is respectfully directed to close Dkt. No. 228. (Signed by Judge Lewis J. Liman on 4/30/2025) (ks) Transmission to Finance Unit (Cashiers) for processing. (Entered: 04/30/2025) |
| 05/02/2025 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT PROPOSED ORDER. Notice to attorney Anne Burton Walsh regarding Document No. 231 Proposed Order. The filing is deficient for the following reason(s): the judgment that is being referenced does not have a monetary amount listed in it. (km)** (Entered: 05/02/2025) |
| 05/05/2025 | 234 | SUPERSEDEAS BOND, BOND # 3522866 in the amount of $ 2,195 052.61 posted by Adstra, LLC..(nd) (Entered: 05/05/2025) |
| 05/09/2025 | 235 | NOTICE OF APPEAL from 224 Order on Motion for Attorney Fees,,,. Document filed by Adstra, LLC. Filing fee $ 605.00, receipt number ANYSDC−31057277. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Burton Walsh, Anne) (Entered: 05/09/2025) |
| 05/09/2025 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 235 Notice of Appeal.(km) (Entered: 05/09/2025) |
| 05/09/2025 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 235 Notice of Appeal, filed by Adstra, LLC were transmitted to the U.S. Court of Appeals.(km) (Entered: 05/09/2025) |